## THE STATE v. BASKETT, *Appellant.*

### Division Two, July 1, 1892.

Criminal Law: RAPE: EVIDENCE. On trial for rape, testimony of the defendant that he had reason to believe the prosecutrix was over the age of consent is inadmissible. (*State v. Houx,* 109 Mo. 654, *affirmed.*)

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Botts* and *W. A. Edmonston,* for appellant.

*John M. Wood,* Attorney General, for the State.

THOMAS, J.—The defendant was convicted in the circuit court of Audrain county of committing rape

upon a female under fourteen years of age, and was sentenced therefor to imprisonment in the penitentiary for a term of thirty years, and he prosecutes this appeal, but has filed no brief nor statement.

A careful examination of the record discloses no error in the trial of the case. The father of the girl charged to have been ravished testified that she lacked seven months of being twelve years old at the time of the commission of the alleged crime, and in this he was corroborated by other witnesses.

The evidence on the part of the state showed very clearly that defendant had had intercourse with the child many times, and the defendant went on the stand and admitted having had intercourse with her twice. He testified that he did not know her age, but offered to show how old he took her to be, which the court refused on objection by the state to permit him to do, and in this we think the court committed no error. In *State v. Houx*, 109 Mo. 654, we held that, on a trial for rape, testimony of defendant that he had reason to believe that the prosecutrix was over the age of consent, was inadmissible, and we still adhere to that ruling and in support of it cite the following authorities in addition to those cited in the *Houx case:* Kelley's Criminal Law, sec. 516; Wharton on Criminal Law [9 Ed.] sec. 88; Bishop on Statutory Crimes, secs. 631*a*, 632; Desty's American Criminal Law, sec. 136*b;* 19 Irish Law Times, 32.

From the testimony of experts who examined the child it appears she was seriously injured. The details of the evidence are too obscene to justify us in setting them out in this opinion. We will simply say that the evidence warranted the infliction of severe punishment on defendant. The jury fixed that punishment at thirty years in the penitentiary, and we do not deem it

our province to interfere with the verdict on the ground that the punishment is excessive.

The judgment will be affirmed.   All concur.