### ADOLPHUS ZACHARY v. THE STATE.

#### No. 109. Decided November 3, 1909.

**1.—Rape—Continuance—Failure to Set Out Facts.**

Where, upon trial for rape, the application for continuance did not set out the facts which defendant expected to prove by the absent witnesses, there was no error in overruling the motion for continuance.

**2.—Same—Hearsay Testimony.**

Upon trial for rape there was no error in sustaining objection to the question asked the mother of the prosecutrix, to the effect if she did not hear that the school trustees had threatened to expel her daughter from school on account of the daughter's immoral conduct prior to the alleged rape.

**3.—Same—Evidence—Age of Prosecutrix—Defendant's Belief.**

One who has unlawful intercourse with a female under the age of consent is not protected by his belief as to the age of such female at the time, and he must know at his peril whether her age is such as to make such act of intercourse rape; and there was no error upon trial of rape to refuse to compel the prosecutrix as a witness for the defendant to answer the question whether she did not tell the defendant, at a certain time and place, that she was of a certain age. Following Edens v. State, 43 S. W. Rep., 89.

**4.—Same—Evidence—Reputation for Chastity—Bill of Exceptions.**

While it is questionable whether want of chastity of a prosecutrix under the age of consent can be shown on a trial for rape, there was no reversible error

where the court explained, in the approved bill of exceptions, that he had permitted the defense to go into the question of the reputation of prosecutrix for chastity, especially where such explanation of the court is not controverted in defendant's bill of exceptions proven up by bystanders.

### 5.—Same—Evidence—Imputing Crime to Another.

Upon trial for rape there was no error in excluding testimony for the defense that no indictment had been found against a certain party for the offense upon which defendant was upon trial, because such indictment would have weakened the State's case.

### 6.—Same—Bill of Exceptions by Bystanders—Conflict—Explanations by Court—Practice on Appeal.

Where, upon trial for rape, the court first refused to permit the defense to introduce testimony as to the general reputation for chastity of prosecutrix prior to the time of the alleged rape, but afterwards changed his ruling, and informed defendant's counsel that he could introduce such testimony, but that counsel refused to avail himself of such ruling, and this matter became a question of controversy between the court's explanation in the filed bill of exceptions and defendant's bill of exceptions proven up by bystanders, and the matter was left in doubt, the Court of Criminal Appeals, in testing the accuracy of such conflicting statements, may look to the statement of facts on file.

### 7.—Same—Sufficiency of the Evidence.

Where, upon trial for rape, the defendant's admissions, as testified to by his own witness, confirmed the testimony of the prosecutrix as to the carnal intercourse as alleged, the conviction will not be disturbed.

Appeal from the District Court of Houston. Tried below before the Hon. B. H. Gardner.

Appeal from a conviction of rape upon a female under the age of consent; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Moore & Sallas,* for appellant.—On the question of the insufficiency of the evidence: Rushing v. The State, 10 Texas Ct. Rep., 400; Blair v. State, 56 S. W. Rep., 622; Duckworth v. State, 42 Texas Crim. Rep., 74, 57 S. W. Rep., 665; Davis v. State, 43 Texas, 189.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of age of prosecutrix: The authorities cited in the opinion.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Houston County charged with the offense of rape on one Sylvia Gadway, a female then and there under the age of fifteen years. On his trial had in said court on 4th day of March of this year he was found guilty by the jury, and his punishment assessed at confinement in the penitentiary for a period of twenty years.

The age of Sylvia Gadway was established by unquestioned testimony, and she was shown by all the evidence to have been under fifteen years of age at the time of the alleged unlawful intercourse. The proof of the unlawful carnal intercourse was shown not only by the testimony of the witness Sylvia Gadway, but by John A. Davis, who testified that he was justice of the peace at Grapeland, in

Houston County, and had been for twenty-two years, and had known appellant all his life. That in 1908 appellant came to him and asked him how old a girl would have to be before a person would be permitted by law to have intercourse with her, and in this connection he testified further, as follows: "He (appellant) said he had been having intercourse with the Gadway girl. He said he did not think she was fifteen years old." In addition to this George Calhoun, who was introduced as a witness by appellant, testified that appellant told him that he was having a good time with the Gadway girl. "He said he had met her at a church, and asked me if I did not want to have a good time with her." The evidence shows that when first brought before the grand jury prosecutrix denied the intercourse, and never admitted same at all until after a physical examination of her person by a physician. Her testimony also developed several other contradictions of an important character not necessary here to notice. We make this brief statement of the case to the end that the opinion may be understood.

1. When the case was called for trial appellant filed an application for continuance for the want of the testimony of Mrs. J. E. Price, F. H. Bayne and Dr. W. B. Collins. This application did not set out at all what facts or any facts which it was expected to be testified to by the witness Collins. The bill of exceptions evidencing the action of the court touching this matter tendered by appellant was refused by the court, and in lieu of the bill tendered the court prepared and had a bill of exceptions filed. In this bill it appears that when the application was presented by appellant's counsel, the district attorney called the court's attention to the failure to state what was expected to be proved by Dr. Collins. It is further stated by the court that there was not any further request for additional process, nor for postponement until Collins could be had; though it was a fact that he lived at Lovelady on the I. & G. N. R. R. within thirteen miles of Crockett, and could be reached by telephone, and could easily reach Crockett by buggy in two hours, and the trains passed twice a day. The court further states that he would have granted all reasonable indulgence and process to have procured the attendance of said witness, and the case was on trial for two or three days. It is further stated by the court, and appears in the record that Mrs. Price as well as the witness Bayne both appeared and testified. Appellant had prepared, touching this matter, a bill of exceptions and proved same up by by-standers. In this bill it is stated that the witness Collins, if present, would have testified that he was a physician, a graduate in medicine, with twenty years experience in the practice of medicine and surgery. That while prosecutrix was before the grand jury he made an examination of her person and that in his opinion she was a virgin and had never been penetrated by the male organ of a man. This application, whether tested by the statements contained in the bill of exception

prepared by the court or that tendered by appellant, shows no error in that there was no kind of statement made in the application for continuance as to the testimony expected to be given by this witness. The application speaks for itself, and a careful reading of it discloses that it is wholly wanting in the essential and indeed one of the most essential particulars demanded by the law—that of stating the testimony expected to be given by the absent witness.

2. There are a number of bills of exception contained in the record proven up by bystanders, many of which are in contradiction and impeachment of the bills prepared and allowed by the court, thus evidencing a most unfortunate condition of affairs. We do not believe, however, that tested by any of the bills that, in the light of the entire record, there is any issue or question of such importance as would justify us in reversing the case. For instance, Mrs. Sarah Gadway, mother of prosecutrix, was asked if it was not a fact that before the alleged intercourse with appellant she did not hear that the school trustees of that community were threatening to expel her daughter from school on account of her immoral conduct. This, it was claimed, was admissible and material as tending to show that prosecutrix was prior to the alleged conduct of appellant of a bad and immoral character, and would have affected her credibility as a witness. This was clearly hearsay, and under no circumstances admissible.

3. Again, it is claimed that the court erred in refusing to permit and compel prosecutrix to answer the question as to whether or not at the marriage of one Miss Ada Ward on the 8th day of January, 1908, she did not tell the defendant that she was then fourteen years of age. In this connection it should be stated that the prosecutrix was not introduced by the State to prove her age, nor did she testify in respect to her age, nor was there, in the light of all the testimony, any question or substantial issue made in respect to this matter, besides this identical question was ruled adversely to appellant in the case of Edens v. State, 43 S. W. Rep., 89. In that case appellant complained of the action of the court in "refusing to permit him to prove by the alleged injured female, who was at the time of the trial his wife, that in the latter part of January, 1897, at their first meeting in the woods, the question of her age was discussed between them, and that she then informed appellant that she was over the age of 15 years, and on the other occasions of their assignations she always told defendant that she was over the age of 15 years." In discussing this question Judge Davidson, speaking for the court, says: "On objection by the State, this evidence was ruled out. In this, we think, there was no error. The indictment alleged that at the time the sexual intercourse occurred between the parties the girl was under 15 years of age, and not his wife. The uncontradicted proof in the case shows that these were facts. The first act of intercourse occurred in the latter part of January, 1897, and was

repeated at intervals for several months, until finally, to escape a prosecution, he married the girl on the 18th of August, 1897, she having become 15 years of age on the 10th of July previous to said marriage. 'Where the offense is in having connection with a child under the age of consent, belief on the part of the defendant that she was over the age of consent, and that, therefore, consent on her part would prevent the act from being criminal, cannot be shown. Connection with a child under the age of consent being criminal, one who has connection with a female which would, in any event, be unlawful, must know at his peril whether her age is such as to make the act a rape.' See McClain, Cr. Law, sec. 451. And see also Lawrence v. Com., 30 Grat., 845; State v. Newton, 44 Iowa, 45; State v. Houx, 109 Mo., 654, 19 S. W., 35; State v. Basket, 111 Mo., 271, 19 S. W., 1097; Holton v. State, 28 Fla., 303, 9 South., 716; Reg. v. Prince, L. R. 2 Crown Cas., 154; State v. Grossheim (Iowa), 44 N. W., 541; People v. McDonald, 9 Mich., 150; Hays v. People, 1 Hill, 351; 2 Bish. Cr. Law, 1091; Bish. St. Crimes, sec. 490. Mr. Bishop says: 'While, within principles explained in another connection, no one is ever punishable for any act in violation of law whereto, without his fault or carelessness, he was impelled by an innocent mistake of facts, this rule does not free a man from the guilt of his offense by reason of his believing, on whatever evidence, that the girl is above the statutory age. His intent to violate the laws of morality and the good order of society, though with the consent of the girl, and though in a case where he supposes he shall escape punishment, satisfies the demands of the law, and he must take the consequences.' Bish. St. Crimes, sec. 490. See also, 1 Bish. Cr. Law, secs. 301-310, and note to section 303a. And see also sections 327, 330-340. We have found no contrary opinion, and but one dissenting opinion. The latter is found in the case cited from Grattan's Reports. We deem it unnecessary to amplify this question, for the authorities above cited fully settle it."

4. The next bill relates to the action of the court in refusing to permit the witness John A. Davis to answer the following question: "Do you know the general reputation of the prosecutrix, Sylvia Gadway, prior to her alleged connection with the defendant for chastity?" It is stated in the bill that this witness, if permitted, would have answered that he knew the general reputation of the prosecutrix, Sylvia Gadway, for chastity prior to her alleged connection with defendant and that it was bad. The bill further states that this evidence was offered for the purpose of affecting the credibility of prosecutrix, Sylvia Gadway. In approving this bill the court makes this statement: "Approved down to where it undertakes to set out what would have been the answer of said witness. As a matter of fact the court changed the ruling and so notified defendant's attorneys during the trial and offered to permit defense

to go into the reputation of the prosecutrix, and called special attention to the witness Davis, and he was thereafter on the stand, but no further question as to reputation of said Sylvia was asked of said Davis." The bill as proved up by bystanders includes the explanation of the court, recites the question asked, and that objection was made, the answer of the witness, the purpose of the testimony, and proceeds as follows: "We, the undersigned citizens of Houston County, Texas, hereby attest that we are fully informed and understand the contents of the foregoing bill of exceptions; that we were bystanders in the court, and present when the matters related in said bill of exceptions occurred, and we are fully cognizant of said matters, and the said bill of exceptions, which the judge presiding at said trial has refused to sign, is correct, and truly presents the facts as they really transpired." It will be noticed that the bill as proved up does not in terms deny the explicit statement of the court. If in any event there was any merit in the bill, in the absence of the court's explanation, we think where the record contains such an explicit statement of material facts, not in terms denied and negatived by the bill as proven up by bystanders, that we must and should accept the court's explanation. With this explanation it is manifest that there was no error in the ruling since appellant, in the light of the bill, had the opportunity to make proof of the evidence tendered. Besides, it is doubtful, under the authority of Steinke v. State, 33 Texas Crim. Rep., 65, in the light of the unquestioned age of the prosecutrix, whether in any event this testimony would be admissible.

5. On the trial it was proposed to be shown by the testimony of the witness Bayne the reason why no indictment had been returned against one Calhoun. The reason was, as stated in the bill, it was believed that the finding of such indictment would weaken the State's case against appellant. If it were permissible for the appellant to have shown the reasons why Calhoun was not indicted, and these reasons were, among others, that it would weaken the case against appellant, it would seem to have been equally competent, if Calhoun had been indicted, for the State to have shown that fact as an evidence of their belief in the guilt of both parties. This testimony, under any view of the case, was wholly irrelevant and inadmissible.

6. Touching the question as to the action of the court on the matter of proof of the general reputation of prosecutrix for virtue and chastity, we may say the following statement is made on page 8 of the statement of facts: "Prior to the time of the alleged transaction of the defendant with the prosecutrix, Sylvia Gadway, did you know her reputation in the community in which she lived for chastity? State objected. Court sustained objection. Defendant excepted. The court afterwards notified defendant's counsel in open court that he had changed his mind on that ruling and would permit

the witness to testify as to the reputation of said witness; and though the witness Davis was on the stand said attorneys ·declined or did not avail themselves of said ruling." To what extent we may look to the statement of facts in explanation of bills of exception has never been very clearly determined, but we think in a case like this where there is an issue between the explanation of the court and the matters recited, and proven up by bystanders, and where, as in this case, it may be stated to be left in some doubt, that we should in reason be authorized, in testing the accuracy of conflicting statements, to look to recitals and statements made in the statement of facts.

7. Finally, it is urged that the testimony of the prosecutrix is so contradictory as not to form a just basis of conviction. If the testimony of the prosecutrix in respect to intercourse had stood alone, we should indeed hesitate in the matter of affirming the judgment, but in view of the explicit statements of appellant directly affirming the intercourse, one of which was testified to by a witness introduced by himself, and in view of the unquestioned proof as to her age, it seems to us that not only is the verdict sustained by the testimony, but, indeed, no other verdict could or should in fairness have been rendered.

Finding no error in the record, the judgment is hereby in all things affirmed.

*Affirmed.*