## ABUSE OF A GIRL UNDER SIXTEEN YEARS OF AGE.

### Court of Appeals for Knox County.

### FRANK ZENT v. STATE OF OHIO.

### Decided, October, 1914.

*Criminal Law—Failure to Show Intent Not Material, When—Guilty Knowledge Not a Necessary Element of the Offense Charged, When —Prosecution under Section 12414.*

1. The intent with which an act is done is immaterial, where it is made an offense expressly prohibited by statute, and in a prosecution of one over eighteen years of age for having carnal knowledge of a girl under sixteen with consent it is not necessary that criminal intent be either averred or proved.

2. Nor it is necessary in such a case that the defendant be shown to have known or to have had good reason to believe that the the girl was under sixteen years of age.

*Wm. M. Koons,* for plaintiff in error.
*L. T. Cromley,* contra.

SHIELDS, J.; POWELL, J., concurs; VOORHEES, J., not sitting.

At the February (1914) term of the Court of Common Pleas of Knox County, Ohio, the grand jury of said county returned an indictment against the plaintiff in error charging that "one Frank Zent, on or about the 5th day of December, 1913, at the county of Knox, being then and there a male person, of eighteen years and upwards, did then and there unlawfully and knowingly carnally know and abuse one Mabel Storey, with her consent, she, the said Mabel Story, then and there being a female person under the age of sixteen years, to-wit, of the age of fifteen years," to which said indictment a plea of not guilty was entered. Trial was had, resulting in a verdict of guilty as

charged in said indictment. A motion for a new trial was overruled, and the plaintiff in error was sentenced according to law. A petition in error, with a bill of exceptions containing the evidence taken upon the trial, was filed in this court for a review of the judgment of said common pleas court.

Counsel for plaintiff in error argued that proof of the crime charged was incomplete because it failed to show that it was committed with criminal intent, contending "that no crime can be committed without a criminal intent, and a general deliberate purpose is at the foundation of criminal law, and it has been so announced over and over by our highest courts."

It is fundamental that in all cases where the statute makes the intent with which an act is done an ingredient of its criminality, such intent must be averred and proven, either by direct or circumstantial evidence, to support a judgment of conviction; but where the act is made an offense by statute without reference to the intent, the intent with which such act is done is immaterial.

In support of this proposition of law it is laid down in 12 Cyc, p. 148, that:

"The Legislature, however, may forbid the doing of an act and make its commission criminal without regard to the intent of the doer, and if such an intention appears the courts may give it effect although the intention may have been innocent," citing with approval *State* v. *Kelly,* 54 O. S., 165.

In Vol. 3, Greenleaf's Evidence, Sec. 21, it is also laid down that,

"the rule—that igorance of fact will excuse—would seem to hold good in all cases where the act, if done knowingly, would be *malum in se.* But where the statute commands that an act be done or omitted, which in the absence of such statute might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems will not excuse its violation."

In Vol. 1, *Wharton's Criminal Law,* Section 108, it is also laid down that,

"when a statute makes an act indictable, irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense."

Section 12414, General Code, upon which the indictment here is based, reads as follows:

"Whoever being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years, with her consent, shall be imprisoned," etc.

Here the wording of the statute admits of but one construction. It is a plainly expressed declaration, equivalent to a prohibition, against this species of vice, and its manifest purpose is to punish the act therein, committed by persons of the ages named, and when such act is committed the crime denounced therein is complete. The same rule and reasoning also apply to other offenses defined by the statutes of this state, as well as many federal statutes. The question of intent, therefore, is held not to be an essential or material element in the crime here charged.

It was also argued on behalf of the plaintiff in error that in order to sustain a conviction under said statute it must appear that the party charged "knew or had reason to believe that the said Mabel Storey was more than sixteen years of age." This proposition of law was put in the form of a written request on behalf of the plaintiff in error to be submitted by the trial court to the jury before argument, which request the said court refused, but said court did charge the jury, among other things, "that this law was passed for the purpose of protecting girls under the age of sixteen years, and a girl under sixteen years of age, regardless of her character, can not consent to an act of sexual intercourse." The action of said court in refusing to charge said request was proper for the reasons stated in said charge.

As was said by Judge Shauck, speaking for the court in the case of *State* v. *Carl*, 71 O. S., 265:

"The effect of the statute is to nullify the consent of the female under sixteen years of age."                    ·

Not unlike the question of intent, guilty knowledge is not an essential or material element of the offense here charged. The Legislature by statute prohibits immorality of this character and visits severe punishment upon the offender. The object and purpose of the statute is aptly set forth by Judge Price, speaking

for the court, in announcing the opinion in the case of *State* v. *Tuttle*, 67 O. S., 440-444, who says:

"The Legislature concluded to come to the rescue of youthful females from the brutal assaults upon their virtue, and to make it rape for the assailant to have carnal knowledge of one who is either too young to forcibly resist, or whose ignorance of the wiles and blandishments of evil men may make her an easy subject to their corrupt suggestions and persuasions. The provision was enacted for the protection of this class of our people from the lust and beguilement of designing men of maturer years and greater experience."

Here the act of sexual intercourse was proven and the prosecutrix was shown to be under sixteen years of age, so that whatever the party charged may have been led to believe concerning her age, he knew he was over eighteen years and a married man also, and in addition to committing the crime of adultery, he was presumed to know the provisions of the statute in question, and daring to violate it, he is responsible criminally for the consequences of his act. To hold otherwise would be to put within the power of every man charged with a violation of this statute the means of defeating its object.

In *Commonwealth* v. *Murphy*, 165 Mass., 66-70, the judge announcing the opinion in that case says:

"But there is a large number of cases in which, on grounds of public safety, certain acts are made punishable without proof that the defendant understands the facts that give character to his act. In such cases it is deemed best to require everybody at his peril to ascertain whether his act comes within the legislative prohibition."

This case is cited with approval in *State* v. *Murphy*, 54 O. S., 166.

Eliminating the question of force involved in the commission of rape, but as illustrating the immateriality of the assailant's belief in the age of the party assailed, the following authorities hold in substance that:

"One who has unlawful intercourse with a female under the age of consent is not protected by his belief as to the age of such

female at the time, and he must know at his peril whether her age is such as to make such act of intercourse rape.'' *Zachary* v. *State,* 57 Tex. Cr. Rep., 179, *People* v. *Marks,* App. Div., 130 N. Y. Supp., 524; *State* v. *Newton,* 44 Ia., 45; *People* v. *Ratz,* 115 Cal., 132.

Without commenting on this shocking crime, we adopt the well chosen and appropriate language of the judge announcing the opinion in *People* v. *Ratz, supra,* wherein he says:

''The object and purpose of the law are too plain to need comment, the crime too infamous to bear discussion. The protection of society, of the family, and of the infant, demand that one who has carnal intercourse under such circumstances, shall do so in peril of the fact, and he will not be heard against the evidence to urge his belief that the victim of his outrage had passed the period which would make his act a crime.''

The judgment of the court of common pleas is affirmed, and the case is remanded to said court for execution.