## TRAVIS FARRELL V. STATE.

No. 24179. December 8, 1948.

Hon. Henry King, Judge Presiding.

*Ray Holder* and *A. S. Baskett,* both of Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Walter M. Collie,* Assistant District Attorney, all of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of nine years.

The record shows that on the night of the 1st day of August, 1947, appellant and Harold Wayne Holt took prosecutrix, a girl of 12½ years of age, for a ride in their automobile. They drove from the City of Dallas to the river where each had an act of sexual intercourse with her. From there they drove to a tourist court where appellant engaged a cabin and spent the night with her. Appellant claimed that prosecutrix told him she was eighteen years of age and could do anything any other woman could; that on the night in question she had on a blouse and a skirt which made her appear much larger than she did at the time of the trial. It is no defense to a prosecution for rape of a child under the age of consent that accused was told by his victim that she was above such age. In such event he acts at his own peril. See Zachary v. State, 57 Tex. Cr. R. 179, 122 S. W. 263; Edens v. State, 43 S. W. 89.

The court, in his charge, instructed the jury relative to the law upon every phase of the case and no objections were made thereto. However, appellant brings forward 19 complaints each by a separate bill of exception. We see no need of discussing each of the bills since it would only extend this opinion at great length and serve no useful purpose.

Bill of Exception No. 1 reflects the following occurrence: Appellant called his mother as a witness and propounded to her the following question:

"I am going to ask you to tell the jury that, as the mother of this (defendant) and interested in his welfare, if you will see that, as far as you are able to do so, that he will be a faithful and law-abiding citizen?"

The State objected to the question and answer sought to be elicited on the ground that the same was not pertinent to any issue in the case. The court sustained the objection and appellant objected. However, if the witness had been permitted to answer the question, she would have said, "I would." We think that the court ruled correctly.

Bills of Exception Nos. 2, 3 and 4 show that appellant undertook to prove by his mother that appellant, who was also charged with the offense of rape of one, Mrs. Allen Reed, alleged to have been committed on the 5th day of May, 1947, had been observed by the mother talking to Mrs. Reed since that time. The State objected thereto, the objection was sustained, and appellant excepted. Just upon what theory this evidence was admissible we

are unable to perceive since it did not tend to shed any light on any issue in the case.

Bills of Exception Nos. 5 and 6 are equally without merit, and we see no need for a discussion thereof.

Bill of Exception No. 7 is qualified by the court, who certifies that no exception was taken. The bill, as qualified, fails to reflect any error.

Bill of Exception No. 8 is also qualified by the court who states that the prosecutrix, as well as her mother, identified the clothes that she wore on the night in question. Appellant had theretofore testified that the clothes she wore on the night in question were a woman's clothes and made her appear larger than at the trial. This prompted the State to bring into court the clothes in question, have them identified and introduced same in evidence. In our opinion, the bill fails to show error.

Bills of Exception Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 all complain of certain remarks made by the district attorney in his argument to the jury. All of these bills are qualified by the court and no objection was interposed by appellant to the qualifications. He is therefore bound thereby. None of the bills reflect reversible error.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.