J. D. SMITH V. STATE

No. 27,117.   October 27, 1954

*Henrichson, Bates & Hall,* by *E. G. Hall,* Edinburg, for appellant.

*J. R. Alamia,* Criminal District Attorney, by *Dave Horger, Jr.,* First Assistant Criminal District Attorney, Edinburg, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an appeal from an order revoking probation.

On September 24, 1953, appellant plead guilty to the offense of burglary in the district court of Hidalgo County; his punishment was adjudged at 5 years' confinement in the penitentiary, and the execution of the sentence was probated.

On March 4, 1954, in said court came on to be heard a motion to revoke probation, alleging that on January 25, 1954, the appellant had contributed to the delinquency of a female under the age of 17 years in that he caused her to engage in sexual

intercourse with him. Appellant was represented by counsel at the hearing.

The district attorney introduced, without objection, the confession of the appellant in which he details four acts of intercourse with the girl in question on the night charged.

The girl was called as a witness; she testified that she was 16 years old, that the appellant and one Neubauer came to her house early in the night in question, that she left with them and got another girl, and that they did not get back home until 2 o'clock the next morning but stated that she did not remember where they went during the evening. She was then questioned as follows:

"Q. Would you tell the court whether or not you and J. D. Smith had intercourse that night? A. No.

"Q. You will not tell the court that? A. No.

"Q. Do you remember what happened this night? A. No, sir.

"Q. Do you realize that you are under oath to tell the court here the truth about all the questions that are asked you? A. (No response).

"Q. Do you have some particular reason for not wanting to answer the questions or do you just not remember? A. I just do not remember."

There was no further evidence of probative value introduced at the hearing.

It thus appears that the question here presented is this: May a confession, uncorroborated as to the corpus delicti, constitute sufficient grounds for the revocation of probation? This exact question has not before been presented to this court.

However, in Ex parte Gomez, 241 S. W. 2d 153, the probationer was arrested on a suspicion of burglary, and proceedings were instituted to revoke his probation. At the hearing it was established that he had violated many of the terms of his probation, but he was not shown to be guilty of the burglary. There we said, "While such evidence is the basis for the revocation, we do not mean to hold that the arrest on suspicion of burglary did not within itself furnish grounds for the revocation of probation if the judge so determined."

In Graves v. State, 158 Texas Cr. Rep. 429, 256 S.W. 2d 576, we upheld the revocation of probation where it was shown at the hearing that two indictments had been returned against petitioner after the granting of probation.

In Dunn v. State, 159 Texas Cr. Rep. 520, 265 S.W. 2d 589, we held that the uncorroborated testimony of an accomplice was sufficient to support the order revoking probation. This last decision seems to be controlling in the case at bar and appears to be in conformity with the holdings in other states. See People v. London, 82 P. (2d) 619.

Appellant contends that "the trial judge erred in hearing the motion to revoke probation prior to the time that the criminal charge involving the question of whether or not the appellant had violated a criminal law of this State were regularly heard in the proper tribunal." We expressly overruled such a contention in Dunn v. State, supra.

Appellant further contends that the state was bound by the exculpatory statement found in his confession to the effect that the girl told him she was 18 years old. In Farrell v. State, 152 Texas Cr. Rep. 488, 215 S.W. 2d 625, we held, "it is no defense to a prosecution for rape of a child under the age of consent that the accused was told by his victim that she was above such age."

Finding no reversible error, the judgment of the trial court is affirmed.