**Eleno Alvarez MARTINEZ, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–85–275–CR.

Court of Appeals of Texas, Fort Worth.

March 25, 1987.

Richard A. Gladstone, and Alex Gonzalez, Jr., Fort Worth, for appellant.

Jerry Cobb, Dist. Atty. and Jim E. Crouch, Asst., Denton, for State.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

OPINION

KELTNER, Justice.

This is an appeal of Martinez's conviction by a jury of attempted murder pursuant to TEX.PENAL CODE ANN. secs. 15.01, 19.-02 (Vernon Supp.1987). The jury assessed punishment at fifteen years in the Texas Department of Corrections.

We affirm.

Martinez went to his place of employment (Texas Waste Management) on Saturday to collect his paycheck. However, a new company policy delayed issuance of checks until the following Monday. Annoyed with this policy Martinez confronted his supervisor, David Smith. Martinez, after repeatedly demanding his paycheck, finally drew a gun. Smith, who had been sitting in a chair behind a desk, raised his hands and stood up. Martinez shot Smith three times, seriously wounding him.

Martinez did not testify at the guilt-innocence phase of the trial. As a result, the issue of self-defense was not raised at that stage of the proceedings. However, the jury was not only instructed on the law on the attempted murder, but was also instructed on voluntary manslaughter because of the immediate influence of sudden passion, and aggravated assault. After finding the defendant guilty of attempted murder, the jury was asked to consider the range of punishment.

During the punishment stage of the trial, Martinez took the stand and testified he shot Smith because he feared Smith would "jump" on him for asking for his paycheck. Martinez testified that he feared Smith because Smith had smoked marijuana in the past and was not "right in the head." He asked the court to instruct the jury on self-defense solely for purposes of mitigating punishment. The court refused to submit the self-defense charge to the jury during the punishment stage.

Martinez brings two points of error.

■ He contends that the trial court erred by refusing his request for charge on self-defense at the punishment stage of the trial. It should again be noted Martinez did not assert self-defense at the guilt-innocence stage of the trial.

The court did not err in failing to submit the instruction on self-defense at the punishment stage because consideration of self-defense by the jury is inappropriate during the punishment stage of the trial. *See Nixon v. State,* 572 S.W.2d 699 (Tex. Crim.App.1978). In *Nixon,* the defendant sought to introduce evidence at the punishment stage that he did not commit the charged offense. The court held that evidence tending to exonerate the defendant is inappropriate at the punishment stage of the trial. *Id.* at 701. In the instant case, Martinez was allowed to testify as to his version of the facts. However, after being found guilty, he could not seek exoneration at the punishment stage of the trial. We hold the trial court did not err in denying Martinez's requested charge, and we overrule his second point of error.

■ Martinez also contends that the trial court erred in denying his motion to discover criminal records of the State's witnesses. Article 39.14 of the Texas Code of Criminal Procedure provides that a defendant who shows good cause may obtain an order from the court requiring the State to produce material evidence in the possession, custody or control of the State or any of its agencies. TEX.CODE CRIM PROC. ANN. art. 39.14 (Vernon 1979). Martinez sought criminal records of all the State's witnesses under the theory that, if convictions existed, they would be admissible in evidence under former TEX.CODE CRIM. PROC.ANN. art. 38.29 (Vernon 1979),[1] which allowed impeachment of a witness by the use of certain prior criminal records.

Our Court of Criminal Appeals has held that the State must disclose convictions of its witnesses if the defendant establishes the following criteria: (1) good cause; (2) materiality; and (3) possession by the State of the information. *Rodriguez v. State,* 513 S.W.2d 22, 27 (Tex.Crim.App.1974). It is clear that a defendant must show that the State's witnesses have criminal records and those criminal records are in the State's possession. *See Rodriguez,* 513 S.W.2d at 27; *Thomas v. State,* 482 S.W.2d 218, 219 (Tex.Crim.App.1972); *Daugherty v. State,* 652 S.W.2d 569, 572 (Tex.App.— Fort Worth 1983, pet. ref'd). The record reflects that Martinez did not demonstrate that any of the State's witnesses had criminal records.

In reviewing the trial court's decision in the instant case, we cannot reverse unless the record reflects an abuse of discretion. *See Quinones v. State,* 592 S.W.2d 933, 940 (Tex.Crim.App.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980).

Martinez urges that the court abused its discretion, citing *Reed v. State,* 644 S.W.2d 494 (Tex.App.—Corpus Christi 1982, pet. ref'd). We believe that *Reed* is clearly distinguishable from the instant case. Reed was charged with murder and raised the issue of self-defense at the guilt-innocence stage of the trial. He requested the criminal records of the deceased and one of the eye witnesses. The State claimed that it did not have the criminal records of either person in its possession. However, at trial the State did use a National Crime Information Center (N.C.I.C.) printout of Reed's prior criminal history. As a result the Corpus Christi Court of Appeals found

---

1. TEX.CODE CRIM.PROC.ANN. art. 38.29 was repealed. Its provisions are now included in TEX.R.CRIM.EVID. 609.

that the State did have ready access to the criminal records of the two individuals through N.C.I.C. *Id.* at 499.

The Corpus Christi Court also noted that the eye witness admitted his criminal record on cross-examination and Reed also presented a bill of exception on the discovery motion. In the bill of exception, Reed called the custodian of records for the Victoria Police Department, who testified that the department did have a computer terminal through which it could gain access to N.C.I.C. records. The trial court properly allowed Reed to complete the record by allowing the records custodian to obtain N.C.I.C. printouts for both individuals. Both had criminal records.

In the instant case, Martinez did not take all the steps that were taken by Reed. For example, Martinez did not cross-examine Smith about his prior criminal record. A number of other witnesses testified to the events surrounding the shooting. Likewise, none of them were asked about their criminal records. Additionally, Martinez did not perfect a bill of exception, attempting to prove the State's ready access to or the existence of criminal records of the witnesses.

As a result, we cannot hold that the trial court abused its discretion in failing to allow discovery. Finding no error, we affirm the trial court's judgment.