Randy MEDINA, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0054–CR

Court of Appeals of Texas,
Amarillo.

Jan. 27, 1999.

Rehearing Overruled March 29, 1999.

Jeff Springer, Springer & Lyle, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Pamela J. Moore, Roger Jones, Michael Moore, Asst. Criminal Dist. Attys., Denton, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

BOYD, Chief Justice.

Presenting four issues which he says require reversal, appellant Randy Medina challenges his conviction of sexual assault of a child and the jury-assessed punishment, enhanced because of previous convictions, of 99 years confinement in the Institutional Division of the Department of Criminal Justice. The issues he presents are: 1) does Penal Code section 22.011 violate the equal protection classes of the United States and state constitutions; 2) should appellant have been allowed to discover the alleged victim's criminal juvenile records; 3) should appellant have been allowed to discover criminal juvenile records of a State witness who was an unindicted accomplice; and 4) were appellant's rights violated when the trial court refused to recess the trial pending delivery of appellant's "trial clothes"? For reasons we later recount, we affirm the judgment of the trial court.

The facts underlying this offense are, in the main, virtually uncontroverted. In September 1996, the minor, S___ M___, sent an

electronic page to appellant's brother. Appellant, who was 31 years old, received and answered the page. In the week that followed, the two talked frequently on the phone and eventually decided to meet. At that time, the minor, who was actually 14, told appellant that she was 18.

After meeting frequently for a period of time, appellant and the minor started having sex, and after three or four weeks, she told appellant she was only 14. Even after that time, appellant continued to see her despite the difference in their ages and despite the fact that he knew he could get into trouble for doing so. They both averred that they were in love. The child's mother found out about the relationship with appellant and when she discovered that he was determined to continue seeing her daughter, she contacted the police, who arrested appellant and this prosecution developed. Other portions of the evidence will be recounted if they become necessary to our discussion.

As relevant here, section 22.011(a)(2)(A) of the Penal Code says a person commits a sexual assault if he intentionally and knowingly "causes the penetration of the anus or female sexual organ of a child by any means." Tex. Pen.Code Ann. § 22.011(a)(2)(A) (Vernon Supp.1999). The Code defines a "child" as "a person younger than 17 years of age who is not the spouse of the actor." Tex. Pen.Code Ann. § 22.011(c)(1) (Vernon 1994). As appellant notes, because consent is no issue, this offense is commonly known as "statutory rape." Indeed, even if a victim tells an accused that she is above the age of consent, that is no defense to a charge of this nature. *Farrell v. State,* 152 Tex.Crim. 488, 215 S.W.2d 625 (1948). The statute provides two affirmative defenses to the offense. One is related to contacts related to medical care and is not relevant here. *See* Tex. Pen.Code Ann. § 22.011(d) (Vernon 1994). The other is based solely upon the offender's age. It is as follows:

> (e) It is an affirmative defense to prosecution under Subsection (a)(2) that the actor is not more than three years older than the victim, and the victim was a child of 14 years or older.

Tex. Pen.Code Ann. § 22.011(e) (Vernon 1994).

Thus, under the Code, consensual sex between a 14 year old individual and another who is not more than three years older is not a criminal offense. It is the gist of appellant's first issue contention that this disparate treatment for the same act which is based solely upon the age of the actor violates both the federal and state constitutions.

■ Citing such cases as *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App.1995) (failure to object at trial waived complaints of denial of right to present a certain defense and violation of due process); and *Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App. 1990) (failure to object to admission of videotape of child witness testifying waived any claim that the videotape violated the defendant's rights of confrontation and due process/due course of law), the State initially responds that appellant's failure to object on that basis at trial waived any right to complain on that basis here. The State also cites *Rezac v. State,* 782 S.W.2d 869, 871 (Tex. Crim.App.1990), which restates the general justification for objection rule that if a trial judge is not given the opportunity to rule upon an objection and thus correct any potential errors, nothing is preserved for appellate review.

However, in *Rabb v. State,* 730 S.W.2d 751 (Tex.Crim.App.1987), the court instructs that "[q]uestions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal." *Id.* at 752. Although at first blush there appears to be an inconsistency between the *Briggs–Broxton* waiver cases and the *Rabb* doctrine, examination of the cases applying both rules show there is a consistency. The rationale for the *Rabb* exception to the general rule that failure to object at trial waives any right to complain is because if the statute giving rise to a prosecution is unconstitutional, it is void from its inception, is no law, confers no rights, bestows no power on anyone, and justifies no act performed under it. *See Reyes v. State,* 753 S.W.2d 382, 383–84 (Tex. Crim.App.1988). The *Briggs–Broxton* rule,

on the other hand, is applicable when a question exists concerning the constitutionality of the application of a statute, evidentiary rule, or other rules of procedure. In this case, and in his first issue, because appellant raises a question as to the constitutionality of the statute itself rather than the manner of its application, it falls within the *Rabb* exception and we must consider it.

It is established in both civil and criminal cases that there is a presumption in favor of the constitutionality of an act of the legislature and the burden is upon the party attacking the constitutionality to establish that fact. *Spring Branch I.S.D. v. Stamos,* 695 S.W.2d 556, 558 (Tex.1985), *appeal dismissed,* 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986); *Smith v. State,* 898 S.W.2d 838, 847 (Tex.Crim.App.), *cert. denied,* 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995). "The party challenging a statute on equal protection grounds has the burden to show that the statutory classification is not rationally related to a legitimate state interest where interests other than fundamental rights or suspect classification are affected," and the classification must discriminate against similarly situated individuals. *Smith v. State,* 898 S.W.2d at 847; *see also Ex parte Spring,* 586 S.W.2d 482, 486 (Tex. Crim.App.1979) (on motion for rehr'g) (comparison of class C misdemeanor defendants whose cases are filed in municipal court and those whose cases are filed in justice court). In other words, an otherwise even-handed statute will survive an equal protection challenge. *Beck v. State,* 583 S.W.2d 338, 344 (Tex.Crim.App.1979).

With commendable candor, appellant acknowledges that the State has a compelling interest in protecting its children from the reprehensible conduct of adults. *See Henderson v. State,* 962 S.W.2d 544 (Tex. Crim.App.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 437, 142 L.Ed.2d 357 (1998); *Gass v. State,* 785 S.W.2d 834, 836–37 (Tex.App.— Beaumont 1990, no pet). He also acknowledges that portion of the Code that prohibits any sexual conduct with children under age 14 fulfills a compelling state interest. However, he contends that the portion of the statute which allows the three year age dif-

ference affirmative defense simply allows consensual sex once a minor turns 14 and "[t]he State's interest in protecting that age group from the sexual conduct of some, but not protecting them from identical conduct of others, is hardly compelling." We disagree.

By permitting the affirmative defense, the legislature has recognized that individuals with less than a three-year age differential are still children in the eyes of the law and, because of that lack of maturity, their conduct should not be punished in the same manner as that of an adult such as appellant here. The recognition of a difference in judgment, maturity, and in an ability to control conduct between underage juveniles and significantly older, more sophisticated adults is a matter well within the peculiar province of the legislature. It is also worthy of note that all adults, such as appellant, are treated equally under the statute. In sum, the legislature did not unconstitutionally err in creating an affirmative defense for underage children not more than three years older than the child who had engaged in the sexual conduct. Appellant's first issue shows no reversible error and is overruled.

In his second and third issues, appellant raises the question whether the trial court reversibly erred in refusing to allow him to inspect the juvenile records of the alleged victim and of a State witness. In support of that argument, he posits that the State's entire case hinged upon the testimony of the victim as she was the only one, other than appellant, who had firsthand knowledge of appellant's conduct. She also had in her possession letters appellant had written to her from jail which corroborated her testimony. He also refers to V—— N—— J——, a 15 year old friend of the victim who testified concerning a party at which all the attendees were underage except appellant. Alcohol was imbibed at the party. She also testified about other occasions in which she was with the victim when she saw appellant. Appellant theorizes that the records should have been submitted to the trial court for an *in-camera* inspection to determine their materiality and suggests we should remand the case to the trial court for such an inspection or, in the alternative, abate this appeal and

direct the trial court to obtain the records and forward them to us for our inspection.

The record reveals that at a pretrial hearing on appellant's discovery motions, he requested the juvenile records of all possible juvenile witnesses be furnished to him. The trial court granted the discovery motion as to all adult criminal records but denied it as to juvenile records. Neither at the pretrial hearing, at trial, or on appeal does appellant buttress his request with reasons why those records might aid his defense, other than to indicate they might possibly be useful for impeachment purposes, nor has he done anything to show that such records even exist.

■ It is generally improper to impeach a witness by proof of a prior juvenile record. *Barecky v. State,* 639 S.W.2d 943, 944 (Tex. Crim.App.1982). There is an exception to the rule, however. Such records may be used to show a witness's bias, motive, or prejudice to assist the party for whom the juvenile is testifying. They may not, however, be used to impeach a witness generally. *Brooks v. State,* 690 S.W.2d 61, 63 (Tex. App.—Houston [14th Dist.] 1985, no pet.). It is established in criminal cases in this state that the prosecution must disclose criminal records of its witnesses if the defendant establishes 1) good cause; 2) materiality; and 3) possession by the State of the information. *Rodriguez v. State,* 513 S.W.2d 22, 27 (Tex. Crim.App.1974); *Martinez v. State,* 727 S.W.2d 133, 134 (Tex.App.—Fort Worth 1987, no pet.). *See also* Tex.Code Crim. Proc. Ann. art. 39.14 (Vernon 1979). In a case of this nature, we see no reason why the rule should not be the same with reference to juvenile records. In this state of the record, the trial court did not abuse its discretion in its ruling. Appellant's second and third issues do not present reversible error and they are overruled.

■ In his fourth issue, appellant suggests the trial court reversibly erred when it refused to recess the trial pending delivery of appellant's "trial clothes." The record reveals that immediately prior to the *voir dire* examination of the jury panel, appellant's attorney asked that the record reflect that appellant was attired in blue jeans, a white T-shirt, and tennis shoes. Counsel advised the court that they had made arrangements for someone to bring him some trial clothes, that they were in the process of trying to find out what happened and "his trial clothes are on their way up here to the Courthouse even as we speak." He reasoned that being required to proceed to trial the way appellant was dressed would be a violation of his rights under the state and federal constitutions and would deny appellant due process of law and effective assistance of counsel. He did acknowledge that appellant was not dressed in jail clothes.

■ Supporting his proposition that the trial court's failure to recess the trial was error, appellant points to the 99-year sentence assessed by the jury as evidence that the error was not harmless. He recognizes the requirement in Texas Rule of Appellate Procedure 44.2(b) that to be reversible, an error must affect a "substantial right" of appellant. He posits that he had an absolute right to a presumption of innocence and that appellant's dress "conceivably" could have affected that presumption. This is particularly true, he reasons, because arrangements had been made for delivery of the clothes and there was nothing to indicate that either appellant or his counsel was responsible for the delay in bringing the clothes. Parenthetically, the record does not show when, if ever, the clothes arrived. The record also reveals that appellant's attorney referred to his attire in the following manner during the *voir dire* examination. It was as follows:

It's human nature for a certain number of people to walk through these two doors, walk into the courtroom, see a young Hispanic male in a T-shirt and say, gee, I wonder what he did. And I know some of you did that.

The State made no reference to appellant's dress. We agree with the State that the sequence of events is most nearly analogous to an oral motion for continuance. Articles 29.03 and 29.08 of the Code of Criminal Procedure require all motions for continuance in a criminal case be in writing and sworn to. Tex.Code Crim. Proc. Ann. arts. 29.03 & 29.08 (Vernon 1989). Because of the requirements of the statute, oral motions for

continuance are properly overruled if they are not in writing and under oath. *Smith v. State,* 676 S.W.2d 379, 385 (Tex.Crim.App. 1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985). Moreover, assuming arguendo that the question had been properly preserved, we do not think the trial court reversibly erred in refusing a delay. There is nothing in the record which would support a conclusion as to how long the trial would be delayed awaiting the speculate arrival of different clothes. In today's casual world, even in a court context, to say that merely because a young man, Hispanic or otherwise, was dressed in a T-shirt and jeans would be sufficient to rebut the presumption of innocence is a stretch we are not willing to make. The trial court did not reversibly err in refusing the delay. Appellant's fourth issue does not require reversal and is overruled.

In sum, because none of appellant's suggested issues require reversal, the judgment of the trial court is affirmed.