

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00420-CR
_____

DAVID DWAYNE KEELIN AKA DEWAYNE KEELIN
AKA DAVIS DWAYNE KEELIN AKA DWAYNE KEELIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3610, Honorable Stuart Messer, Presiding

August 13, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, David Dwayne Keelin, appeals the trial court's judgment adjudicating him guilty of and sentencing him to fifty years' imprisonment for the first-degree felony offense of possession of, with intent to deliver, a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams.[1]  On appeal, he challenges the trial court's decision to adjudicate him guilty of said offense

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010).

on the basis that the evidence was insufficient to support the trial court's findings that he violated the terms and conditions of his deferred adjudication community supervision. We will affirm.

Factual and Procedural History

In September 2012, appellant pleaded guilty to charges of possession of, with intent to deliver, a controlled substance in an amount of four grams or more but less than 200 grams. In exchange for his plea of guilty, appellant was placed on deferred adjudication community supervision for a period of six years. As a part of his community supervision, appellant was subject to a number of terms and conditions, one of which was Condition No. 2 that appellant avoid injurious or vicious conduct and totally abstain from the purchase, use, or consumption of any narcotics or controlled substances. Appellant also agreed to abide by Condition No. 10, which required that appellant complete 400 community service hours in accordance with an established schedule, and Condition No. 13, which required him to notify his community supervision officer by the next business day if appellant was terminated from employment.

The State moved to proceed to adjudication on July 31, 2013, alleging that appellant had violated Condition Nos. 2, 10, and 13. Appellant pleaded not true to those allegations, and a hearing was held on the State's motion in November 2013, at which the State presented evidence of these violations and at the end of which the trial court found true the allegations that appellant had intentionally or knowingly consumed cocaine in June 2013 in violation of Condition No. 2 and that appellant had failed to notify his community supervision officer by the end of the next business day that he had

been terminated from his job in violation of Condition No. 13. The trial court found not true the State's allegation regarding appellant's failure to complete the requisite number of hours of community supervision per the arranged schedule. After finding true two of the State's three allegations, the trial court adjudicated appellant guilty of the original charged offense of possession of a controlled substance and moved on to hear punishment evidence. At the end of the punishment hearing, the trial court imposed a punishment of fifty years' incarceration.

Appellant timely appealed the trial court's judgment. On appeal, appellant contends that the trial court abused its discretion by adjudicating him guilty of the charged offense because the evidence was legally insufficient to show that appellant (1) intentionally or knowingly consumed cocaine on or about June 29, 2013, and (2) failed to notify his community supervision officer by the end of the next business day that he had been terminated from his employment. We will overrule his contentions and affirm the trial court's judgment.

## Applicable Law and Standard of Review

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). In determining questions regarding sufficiency of

3

the evidence in community supervision revocation cases, the burden of proof is by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). A preponderance of the evidence exists when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his or her supervision. *See id.* at 764; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174. Proof of a violation of a single term and condition of community supervision is sufficient to support a trial court's decision to adjudicate. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd).

Analysis

Marc Latimer, appellant's community supervision officer, testified at trial that he and appellant reviewed the terms and conditions of appellant's community supervision shortly after appellant's original guilty plea to the charges. Latimer testified that appellant admitted having used cocaine in June 2013. Over appellant's objection, the State introduced a form—signed by both appellant and Latimer—in which appellant admitted having used cocaine. Indeed, the record contains such a form, dated July 2, 2013, in which appellant admitted having used cocaine on or about June 29, 2013, the cocaine "not [having been] prescribed by a physician for a legitimate medical reason." The form is signed by Latimer as witness and by appellant as probationer with the admonition and understanding "that an admission to the use of illicit substances and/or

4

alcohol, or the detection of illicit substances and/or alcohol through testing, may result in sanctions or other actions being taken, including the revocation of my probation."

Appellant contends that such evidence is insufficient in that it represents only an uncorroborated extrajudicial confession that is insufficient to establish guilt beyond a reasonable doubt in the absence of independent evidence of the *corpus delicti*. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). However, the Texas Court of Criminal Appeals has directly addressed and rejected the contention appellant has raised, distinguishing the *corpus delicti* doctrine's operation when different burdens of proof apply. *See id.* at 865–66. "[I]n the probation-revocation context, controlled by the lesser, 'preponderance of the evidence' burden of proof, an uncorroborated extrajudicial confession may be sufficient to support revocation." *Id.* at 866 (citing *Bush v. State*, 506 S.W.2d 603, 605 (Tex. Crim. App. 1974), and *Smith v. State*, 160 Tex. Crim. 438, 272 S.W.2d 104, 105–06 (1954)).

Under that authority, appellant's in-person admission to Latimer and his signed admission to having used cocaine days earlier *may* be sufficient evidence upon which the trial court could have adjudicated appellant guilty and revoked his community supervision. *See id.* And here, unlike the confession examined in *Hacker* in which Hacker made a statement that did "not admit to conduct that violate[d] probation but from which one might possibly infer that such conduct took place," appellant fully, unequivocally, and "voluntarily admit[ted]" to having used cocaine during a time which he was subject to Condition No. 3, leaving no inferences to be drawn. *See id.* Because appellant's statement fully admits to conduct forming the alleged violation of the terms and conditions of his supervision and because such evidence is clear and

5

uncontroverted, we conclude that evidence of appellant's admission that he ingested cocaine *is* sufficient to establish a reasonable belief that appellant violated at least one of the terms and conditions of his deferred adjudication community supervision. *See id.*; *see also Rickels*, 202 S.W.3d at 764. Because sufficient evidence of a single violation supports the revocation of community supervision, we need not determine if the other violation found by the trial court was supported by sufficient evidence. *See Sanchez*, 603 S.W.2d at 871. We overrule appellant's points of error.

Conclusion

Having overruled appellant's points of error on appeal, we affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.