### Ex parte GOMEZ.
#### No. 25398.

Court of Criminal Appeals of Texas.
June 30, 1951.

154

William L. Scarborough, Ellis M. Brown, Corpus Christi, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

█ This procedure was instituted before the Judge of the 105th Judicial District, Nueces County, seeking the release of Jesse Gomez after his conviction, probation and the revocation of the probation. The matter was heard by the court. The facts were developed and relator attempts to bring an appeal to this court. His appeal is not authorized from such procedure.

We note, however, the order of the court and we are accepting the filing of the papers as original and are considering the allegations made, together with the evidence which was heard by the court.

The petition for writ of habeas corpus alleges no ground for the relief. It is stated: "That a revocation of probation is unconstitutional and violates the rights of freedom guaranteed by the Constitution of Texas and the United States." It is then contended that this party has not had his day in court before a jury of his peers, that he was arrested and placed in jail charged with a felony and without a grand jury ac-

tion, that he is being sent to the penitentiary on a mere suspicion.

If this were a fact and the only fact alleged we would have to look to the evidence to determine what had happened, but the petition further alleges that he is restrained of his liberty by reason of an action of the District Judge on May 24, 1951, in entering an order revoking the probation of relator. A copy of that order was attached as a part of the petition.

█ From this, and from the statement of facts upon which the judge based his order, it is disclosed that relator had been convicted a year previously upon his plea of guilty to a charge of burglary, that thereafter the judge trying him probated his sentence for a period of five years upon specific conditions thoroughly explained to relator at the time. These conditions were in writing and a copy signed by relator, which he retained. The matter was explained to his family as well.

When he was arrested on suspicion of a burglary on May 19th, 1951, a proceeding was instituted to revoke the probation and evidence was heard on his conduct during the year following his probation, up until the time of such hearing. It is shown that he had violated the terms of the probation in material matters: that he had been drunk, that he had paid a fine, that he had been out at night, all contrary to the terms of the probation. This relator admitted before the court. On that hearing the order of probation was revoked.

While such evidence is the basis for the revocation, we do not mean to hold that the arrest on suspicion for burglary did not, within itself, furnish sufficient grounds for the revocation of probation if the judge so determined.

█ Relator's petition now before us fails in that it is shown clearly that the contention is based on an erroneous ground. His claim is that he is being sent to the penitentiary on suspicion, without a trial and the recent arrest is given as a basis. This is incorrect. He will go to the penitentiary because of his five years sentence on his plea of guilty and because he failed to rehabilitate himself in accordance with

the terms and agreement which he entered into at the time the probation was given him by the trial judge. No other question is raised for our consideration and had the matter been presented to this court originally no hearing would have been necessary under the application. It shows no ground for relief and the evidence would not support such allegation if it did.

Relator is remanded to the proper officers to enforce the terms of the sentence against him. The clerk of this court will issue the mandate accordingly and no motion for rehearing will be filed.