**Tommy WICKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36827.**

Court of Criminal Appeals of Texas.

April 8, 1964.

Rehearing Denied May 13, 1964.

Carney & Mays by Howard A. Carney, Jr., Atlanta, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant entered a plea of guilty on May 6, 1963, to an indictment for forgery and was assessed punishment at confinement in the penitentiary for five years.

On such date it was ordered by the court that the execution of sentence be suspended and that appellant be placed upon probation upon certain terms and conditions. One of the conditions was that he "1. Commit no offense against the laws of this state or any other state of the United States of America."

On October 28, 1963, a petition to revoke the probation was filed by the criminal district attorney, alleging that appellant had violated such condition of his probation.

In the petition it was alleged that on October 27, 1963, the appellant operated his automobile in Cass County, Texas, at an excessive speed, that when apprehended he resisted arrest, and that "a charge of excessive speeding and resisting arrest has been filed in that certain case styled THE STATE OF TEXAS VS. TOMMY WICKER, Cuase Number 10,287, in the District Court of Cass County, Texas * * *."

After notice and hearing, the court entered its order revoking the probation upon a finding set out in the order "that the Defendant, TOMMY WICKER, has violated the terms of said probation *by being charged* with the offense of Speeding and Resisting Arrest * * *."[1]

This is an appeal from the court's order revoking probation.

█ In appeals of this nature this court's review is limited to a determination of whether the trial court abused his discretion in revoking probation. Oberlender v. State, Tex.Cr.App., 334 S.W.2d 186.

█ Appellant's primary contention on appeal is that the court did abuse his discretion in revoking the probation upon the sole ground that he had been charged with the offenses of speeding and resisting arrest.

With such contention we agree.

The condition of appellant's probation was that he commit no offense against the laws of this state or any other state, rather than that he not be charged with an offense.

Recently, in Flores v. State, Tex.Cr.App., 331 S.W.2d 217, we had occasion to point out that the arrest and filing of a complaint against a probationer would not, alone, au-

---

1. (Emphasis supplied.)

thorize a revocation of probation conditioned that he "commit no offense against the laws of this or any other state or the United States," but under the evidence, we upheld the finding of the trial judge that the probationer had committed an offense and violated such term and condition of probation.

Here, the court did not find that appellant had committed an offense against the laws of this state but only that he had been charged with committing an offense.

Such finding was insufficient upon which to predicate the order revoking probation.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.