**William T. ZANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40839.**

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

McMahon, Smart, Sprain, Wilson & Camp, by William H. Berry, Jr., Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking misdemeanor probation.

One of the conditions of probation was that probationer not violate the law. The motion to revoke alleged that the probationer had violated the law in that he passed some checks which were returned marked "account closed." At the hearing on the motion to revoke, the person to whom the two checks described in the motion to revoke was unable to identify probationer as the person who presented the checks to him for payment.

The court then asked the prosecutor if he wanted to recall the probation officer, and the prosecutor replied, "I don't know whether he can help us, Judge." This was a logical answer because when he was first on the stand, the probation officer testified that he knew nothing about the alleged violation of probation. The court then called the officer as his own witness and began to propound questions to him. When the court requested a certain check from the county attorney, appellant's counsel objected, and was reprimanded by the court. The court then asked to see all the checks, and then stated, "Let the record show that the Court has examined certain checks." The learned trial judge does not favor this Court with any conclusions he may have reached from such examination. The checks were not in-

troduced in evidence, and are not before this Court.

 It is apparent from what has been said that this record does not show that this appellant violated the terms of his probation, because the record is silent as to his connection with the passing of the checks which were alleged as grounds for revocation. The burden is upon the State to prove the violations alleged for revocation. Upon the State's failure to meet this burden, the court was without authority to enter the order revoking probation.

Because the trial court abused his discretion in revoking probation, the order revoking probation is reversed. See Wicker v. State, Tex.Cr.App., 378 S.W.2d 332.