**Albert Martinez IBARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42104.**

Court of Criminal Appeals of Texas.

June 18, 1969.

Rehearing Denied Oct. 15, 1969.

Thomas H. Peterson, San Antonio, court-appointed, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the offense of burglary with intent to commit theft; the punishment, seven years.

The sufficiency of the evidence is challenged. Officer Gilmore of the San Antonio Police Department testified that on a Sunday afternoon as a result of a signal from a silent type burglary alarm, he went to the Big State Mercantile Company on Probandt Street in San Antonio. When he arrived he saw Ibarra, the appellant, and one Sanchez standing within an arm's length of each other near to and facing a 1951 model Chevrolet automobile with the trunk partially open in the loading area of the warehouse. Sanchez had a box in his hand and upon seeing Officer Gilmore, dropped the box, ducked and ran behind the Chevrolet. Eddie Gonzales came to the door of the warehouse, some twenty feet away, carrying a typewriter, and when he saw the officer he ran and hid. Officer Gilmore and Officer Ramirez handcuffed Ibarra and Sanchez to a large outside mirror of a truck. Gonzales was later found hiding under a desk inside the warehouse.

Officer Gilmore testified that he heard a motor running as he approached. He felt

the hoods of the two locked trucks that were parked and they were cold, indicating that it must have been the Chevrolet that had been running.

The record reflects that two parts of the building extended some fifty feet beyond the loading dock, making a U shape, and that activity in the loading area could not be seen from Probandt Street. A gravel driveway was the only access to the building from the street. A permanently closed wooden door had been battered in. The door was painted white. A ten-pound sledge hammer with white paint on it was found on the front floorboard of the Chevrolet. A pair of black leather gloves was found near the hinge of the trunk lid, and a plastic toy pistol was on the driver's side under the front seat of the car.

Inside the Chevrolet and on the ground nearby the officers found four cases of Sudden Beauty Hair Spray, three cases of Alka Seltzer, four cases of Style Hair Spray, four cases of Brach's chocolate covered cherries, and four cases of Head and Shoulders Shampoo, making a total of nineteen cases of merchandise.

Richard H. Christman testified that he was manager of the Big State Mercantile Company, and that he had custody and control of the building. He had worked there until approximately 2:30 o'clock the Sunday afternoon of the burglary; he locked the building and left. The business was closed and no one else was working there that day. None of the three men arrested at the building had ever worked for the company since he had been manager, and he had not given permission for anyone to break into or enter the building. His company sold the same sort of merchandise as that found in the car and on the parking lot.

It was shown that Ibarra did not reside near the building but in another part of San Antonio.

Ibarra contends he was doing nothing when Officer Gilmore arrived, and that the State did not prove an agreement on his part to commit the offense with Sanchez and Gonzales, and therefore he should not have been found guilty as a principal.

The record does show that Ibarra had nothing in his hands and did not run when the officer arrived. The record does show that he was some twenty feet from the door of the building and some thirty feet inside the property line of the Big State Mercantile Company in a somewhat secluded area on a Sunday afternoon.[1] He was at the driver's side of the car. Its motor had been running just a short time before. Gonzales was carrying a typewriter and Sanchez had a box of merchandise in his hand when the officer arrived. Circumstantially,[2] at least, the jury had sufficient facts to conclude that Ibarra was standing watch, and that he had just been in, or turned off the ignition of, the car and was acting with Gonzales and Sanchez. Article 65, Vernon's Ann.P.C., provides: "All persons are principals who are guilty of acting together in the commission of an offense."

■ The evidence is sufficient to support the conviction.

■ For the first time on appeal, appellant contends that he was deprived of counsel who could have appeared, or advised him

---

1. There was no explanation why appellant was there under such circumstances. Mr. Charles Butts, the assistant district attorney who prosecuted the case, stated in court to appellant and his counsel that Eddie Gonzales, a co-defendant, had theretofore entered a plea of guilty and was assessed three years and would, according to the State's information, in all probability testify that Gonzales acted in this matter alone; that Sanchez and Ibarra came over to get the car that apparently belonged to Sanchez. Mr. Peterson, appellant's counsel, stated he had previously discussed the matter with Gonzales, and both counsel and appellant then stated to the court they did not wish to call Gonzales.

2. The trial court submitted this as a circumstantial evidence case.

concerning an appearance, before the grand jury.

The record shows that he had counsel at an examining trial but not at the time he was indicted. A different attorney was appointed January 27, 1968, the trial was started May 6, 1968. Nothing has been presented to the trial court or this court to show that he was injured in any way. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, was cited by appellant. It held that an arraignment in Alabama was a critical stage in the criminal proceedings, because certain rights were lost if they were not raised at the arraignment. The case is not in point and is not controlling. Peterson v. State, Tex.Cr.App., 439 S.W.2d 841; Wilhelm v. State, Tex.Cr.App., 426 S.W.2d 850; Branch v. State, Tex.Cr.App., 445 S.W.2d 756 (delivered June 18, 1969). Absent a showing of injury the ground of error concerning lack of counsel between the examining trial and indictment is overruled.

At the penalty trial, before the court, it was proved that in 1963 appellant had been convicted for five felony offenses less than capital; and in 1953 he had been convicted for murder and received a sentence of twelve years.

There being no reversible error, the judgment is affirmed.