Raymond GUILLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42199.

Court of Criminal Appeals of Texas.

June 25, 1969.

John W. Broadfoot, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a revocation of probation.

Appellant was placed on probation on May 20, 1964, after pleading guilty before the court to the offense of burglary and had his punishment assessed at six years. One of the conditions of his probation was that probationer would "abstain from drinking alcoholic beverages". Motion to revoke was filed by the State alleging that appellant had violated conditions of his probation by, first, consuming intoxicating beverages, and secondly, by "committing an offense against the State of Texas by getting drunk in a public place."

At the hearing on the motion, appellant testified that he drank "two or three" beers during his probationary period. This was sufficient to authorize a revocation of his probation, Perkins v. State, Tex. Cr.App., 386 S.W.2d 286. An employee of the "Nat Ballroom" and an Amarillo policeman testified as to appellant's in-

toxicated condition in a public place on this occasion. This was an additional ground for revocation. We find no abuse of discretion in the court's revocation of appellant's probation.

Wicker v. State, Tex.Cr.App., 378 S.W. 2d 332, relied upon by appellant, is inapposite as it deals with a revocation of probation based solely upon the probationer's having been charged with an offense. Such is not the case here as proof was offered of appellant's guilt of the offense of being drunk in a public place, in addition to the admitted violation of consuming alcoholic beverages.

The judgment of the trial court is affirmed.

WOODLEY, P. J., not participating.