John Elbert HULSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 42238.

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Rehearing Denied Dec. 10, 1969.

Maloney, Milner & McDowell, by Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, Ron Chapman, Ken Blassingame, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation. The record reflects that on November 17, 1967, appellant entered a plea of guilty before the court to the offense of burglary with intent to commit theft and punishment was assessed at two years. The imposition of sentence was suspended and appellant was placed on probation subject to certain conditions of probation among which is found the requirement that he "(a) commit no offense against the laws of this or any other state or the United States."

On March 8, 1968, the State filed a motion to revoke probation alleging he had violated the above stated condition. After a hearing on said motion on July 19, 1968, the court entered an order so finding. Probation was revoked and sentence pronounced.

The appellant contends the trial court, in a number of ways, abused its discretion in revoking probation.

First he questions the sufficiency of the evidence to a violation of his probation.

■ At the revocation hearing Mrs. Eunice Stockton testified that on February 1, 1968, in the late evening hours her 1962 Chevrolet automobile was taken from her in the City of Dallas without her consent or permission. On cross-examination she related that shortly after the car was discovered missing, Kenneth Ross, her daughter's boyfriend, left the house, observed the appellant and Tommy Sanders in the Chevrolet a few blocks away, apprehended them and caused them to return to her house; that appellant and Sanders told her "they were sorry" and acknowledged they were the boys observed by her daughter near her home shortly before the car was taken; that the police were then summoned.

Sanders testified that he and the appellant agreed to steal and did steal the automobile in question and that the appellant had driven the automobile away, though he (Sanders) was driving when they were apprehended.

Testifying in his own behalf appellant denied participation in the theft but did not explain why he had a key to the car in his pocket when apprehended. He claimed he accepted Sanders' offer to go riding without knowledge that the automobile was stolen. He offered testimony from his mother and father to show that he worked, attended high school, lived at home and kept regular hours.

Under the circumstances described, we cannot agree that the evidence was insufficient to show the commission of an offense against the laws of this state and a violation of the probationary condition involved.

■ It is true that, having granted probation, the trial court is not authorized to revoke without finding the probationer has violated a condition of his probation. Wozencraft v. State, Tex.Cr.App., 388 S.W.2d 426. And the burden of proof is on the State to so show. See Zane v. State, Tex.Cr.App., 420 S.W.2d 953.

■ Revocation proceedings are not trials in the constitutional sense with reference to criminal cases. Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.

2d 317, cert. den. 346 U.S. 836, 74 S.Ct. 53, 98 L.Ed. 358; Cooke v. State, 164 Tex.Cr. R. 320, 299 S.W.2d 143; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Leija v. State, 320 S.W.2d 3; Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135. And it has been held that the result of such a hearing to revoke is not a "conviction" but a finding upon which the trial court might exercise its discretion by revoking or continuing probation. Dunn v. State, 159 Tex. Cr.R. 520, 265 S.W.2d 589; McDonald v. State, Tex.Cr.App., 393 S.W.2d 914; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566.

■ In such hearings the uncorroborated testimony of an accomplice is sufficient to authorize the trial court to revoke probation. Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104; McDonald v. State, supra; Soliz v. State, supra; People v. London, 28 Cal.App.2d 395, 82 P.2d 619.

In the case at bar, though, the testimony of the accomplice was corroborated. The appellant was shown by other evidence to have been apprehended in the stolen automobile shortly after it was taken with a key to such car in his pocket. Appellant elicited from the complaining witness the fact that appellant and the accomplice had apologized for their actions and admitted being in the neighborhood at the time of the theft.

■ The judge as the trier of the facts on the hearing to revoke is not compelled to believe a defendant's claim of defense. See Roberts v. State, Tex.Cr.App., 363 S.W.2d 261.

■ Next, appellant contends he was denied his constitutional right to a jury trial to determine if his probation should be revoked. We find no request for a jury trial by the appellant in the record. Even if there had been such a request, a denial would have been proper. The probationer is not entitled to a jury upon a revocation hearing as a result of the express provision of the statute. Article 42.12, Sec. 8, Vernon's Ann.C.C.P., note 31; Dunn v. State, supra; Jones v. State, supra; Ex parte Gomez, supra. As earlier noted, such hearings are not trials in the constitutional sense.

■ The authorities are contrary to appellant's contention that prior to revocation there must be a trial and conviction for the offense which is the basis of the revocation. Dunn v. State, supra; Ex parte Gomez, supra; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838, cert. den. 354 U.S. 927, 77 S.Ct. 1386, 1 L.Ed.2d 1439; Gorman v. State, supra; Seymore v. Beto, 383 F.2d 384; Smith v. State, supra. Cf. Smothermon v. State, Tex.Cr.App., 383 S.W.2d 929. These holdings are based on the fact that a defendant does not go to the penitentiary for violation of probation, but because of his original conviction and the failure to rehabilitate himself in accordance with the conditions of probation. See Ex parte Gomez, supra.

■ Appellant also challenges the sufficiency of the order revoking probation. The two page order in substance states that appellant violated his probation by committing an offense against the laws of this state without specifying the offense. It is true that the findings and conclusions upon which the trial court acts should be clearly set forth in the order of revocation. McBee v. State, 166 Tex.Cr.R. 562, 316 S.W. 2d 748; Wozencraft v. State, supra. An order revoking probation is not, however, rendered defective for the lack of recitation of the findings on which it was based absent any request to the trial court for such findings. Tate v. State, Tex.Civ.App., 365 S.W.2d 789. In the case at bar appellant admits he made no such request.

Finding no abuse of discretion, the judgment is affirmed.