**Jesse Salvador CANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42586.**

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

J. M. Fly, Victoria, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

The record reflects that on February 17, 1969, the appellant waived a jury and entered a plea of guilty to the offense of burglary and was assessed a punishment of five years' confinement in the penitentiary.[1] The imposition of the sen-

---

1. It appears from the judgment that there was an improper attempt to apply the Indeterminate Sentence law, Article 42.09, Vernon's Ann.C.C.P., to such instrument. Such law has no application to a judgment.

tence was suspended and the defendant placed on probation for five years subject to certain terms of probation including the requirement he (1) "commit no offense against the laws of this State or any other state or of the United States of America."

On May 26, 1969, a motion to revoke probation was filed alleging that on May 24, 1969, the appellant had violated afore-mentioned condition of probation by un-lawfully possessing "a dangerous drug to-wit: Dexedrine, not in the container in which the pharmacist issued them."

On June 11, 1969, after a hearing the trial court revoked probation and pro-nounced sentence. In doing so the appel-lant contends the trial court abused its dis-cretion in forcing his counsel to trial even though counsel had only received notice of the setting of the motion to revoke proba-tion the afternoon before the hearing on such motion, and in admitting evidence as to supposed violations of probationary con-ditions not alleged and set forth in the mo-tion to revoke probation.

We need not pass upon either contention.

 The order revoking probation re-flects such order was based *solely* upon the finding by the court that the appellant had violated the terms of his probation in that he "did unlawfully possess a dangerous drug, to-wit: Dexedrine, not in the con-tainer in which the pharmacist issued them."

The State's evidence reflects appellant was arrested on the evening of May 24, 1969, at the La Famosa Lomita dance hall in Victoria County. Special Deputy Castil-lo noticed a suspicious individual pass some "pills" to the appellant. Other officers were called. When they arrived the appel-lant and two others were asked to step out-side. They were searched and in appel-lant's possession was found a match box containing matches and what one officer described as "pills" and another officer de-scribed as "capsules." Such "pills" or "capsules" were shown to have been mailed

to "Austin DPS lab," but no evidence as to a chemical analysis was offered.

In Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466, involving a revocation of probation hearing, a police officer, with narcotic bureau experience who was ac-quainted with and could recognize mari-huana, was permitted to state that in his opinion the substance found in a glass jar in the defendant's possession was marihua-na. Such evidence was held sufficient to support the revocation of probation. See also Caffey v. State, Tex.Cr.App., 433 S. W.2d 900 and cases there cited.

In the case at bar, however, none of the officers was shown to have had experience with dangerous drugs or narcotics and none expressed the opinion that the "pills" were dexedrine.

There is an entire absence of any evi-dence in the record to support the trial court's finding that appellant violated his probation as alleged by unlawfully possess-ing dexedrine.

Finding that the trial court abused its discretion, the order revoking probation is set aside, and the cause remanded.