**Alfred COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43598.

Court of Criminal Appeals of Texas.

April 7, 1971.

Ronald H. Bartlett, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

The record reflects that appellant entered a plea of guilty to the court on February 28, 1968 on a charge of felony theft. The punishment was assessed at three years, and appellant was placed on probation under the conditions set forth in the adult probation law of this State. See: Art. 42.-12, Vernon's Ann.C.C.P.

On May 22, 1968, the State filed a motion to revoke probation alleging that appellant had violated the terms of his probation "by carrying a pistol; and that appellant had failed to report to his probation officer; and that he had changed his place of residence without permission from or information to his probation officer."

A hearing was held on this motion December 12, 1969. At the hearing, a probation officer testified the appellant had never reported, according to his records, since the initial interview. Further, that mail sent to the address given him by the appellant was returned because appellant did not reside at said address.

An officer of the Houston Police Department testified that on May 18, 1969 at approximately 3:45 a. m., while on patrol, he saw appellant who looked at the police patrol car and then ran between two houses. The patrol car drove on and about five minutes later the officer saw the same man about two blocks from the spot where they originally saw him; that when he saw the officers he jumped behind a concrete support under the freeway. The officers got out of the car and approached appellant, shined a flashlight on him and saw a pistol sticking out of his pocket. Appellant grabbed for his pistol but was stopped by the officers after a slight scuffle. Appellant's pistol was examined and found to have seven live shells and two that had been fired.

Appellant, testifying in his own behalf, admitted giving the probation officer one address and living at another address. He further admitted on direct examination that he understood he was to report to his probation officer every month but that he did not do so. He admitted having the gun,

and admitted seeing the officers twice during the evening.

Appellant's one ground of error is that the trial court abused its discretion in granting the State's motion to revoke probation in that there was insufficient evidence to support such action. The trial judge is the finder of fact in probation revocation hearing. Hulsey v. State, Tex. Cr.App., 447 S.W.2d 165. Viewing the testimony most favorably to the findings of the trial judge, clearly the appellant violated Art. 483, Vernon's Ann.P.C. when he admitted he was carrying a pistol and showed no legal right to do so.

The evidence is sufficient to support the revocation of probation and no abuse of discretion is shown.

The judgment is affirmed.

ODOM, J., not participating.