Edelmiro Alejandro CASAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 43757.

Court of Criminal Appeals of Texas.

May 19, 1971.

Rehearing Denied July 14, 1971.

Pena, McDonald & Gutierrez by L. Aron Pena, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation. The sole ground of error is whether the trial court abused its discretion in revoking the probation of appellant.

On February 8, 1966, appellant entered a plea of guilty to the offense of unlawful possession of a narcotic drug, to-wit: marihuana, and punishment was assessed at five years. The imposition of sentence was suspended and appellant was placed on probation. One of the terms and conditions of probation was that he "commit no offense against the laws of this state or of any other state or of the United States."

On May 4, 1970, a motion to revoke probation was filed alleging that appellant violated the aforementioned term, in that he did on or about April 26, 1970, break and enter a coin-operated machine "with the purpose of committing the theft of money" therefrom.

A hearing was had on May 20, 1970, and upon completion of said hearing, the court found appellant "in violation of probation." The trial court further reduced the punishment to two years,[1] and pronounced sentence.

The evidence reflects that at approximately 4:30 A.M. on April 26, 1970, Investigator R. A. Jeffreys and Patrolman Robert Tellez, of the McAllen Police Department, observed an individual, whom they later learned to be Pablo Rene Salas, standing beneath the canopy of a Conoco Service Station located at the intersection of 18th Street and Hackberry Avenue in McAllen. They noticed that Salas was standing "about two to three feet" in front of a coin-operated coke machine with a tire tool in his hand. They stopped to investigate, and ascertained that the coke machine had been broken into and that the coin boxes and automatic coin changers were missing. Further investigation revealed that the service station manager had removed the coin boxes when he closed the station, but the automatic coin changers were located at the scene, one lying near the coke machine and the other one lying "on the sand" beneath an Oldsmobile automobile parked about thirty feet away. There was no money in either of the coin changers.

When the officers approached the scene, Salas attempted to flee and Officer Tellez apprehended him by shooting him with a shotgun (using bird shot which injured him "not seriously, but it was painful"). Appellant was sitting in the right front seat of the Oldsmobile and Alejandro Delgado was standing by the driver's side thereof. No one else was in the vicinity. Appellant was searched and the search revealed he had between two and three dollars in nickels, dimes and quarters in his pocket and he "had some loose sand mixed up with that money in his pocket."

The owner of the service station did not testify. Appellant contends that "The State presented no evidence whatsoever showing (1) a lack of consent; (2) ownership or control of the coin-operated machine and (3) any showing that in fact the said coin-operated machine was burglarized * * *"

Art. 1402a Vernon's Ann.P.C., Sec. 2, provides:

" 'Enter,' as used herein includes every kind of entry except one made with the consent of the owner of such machine, or of one in lawful possession thereof, or of one authorized to give such consent."

Want of consent may be established by circumstantial evidence where, without fault on the part of the state, direct testimony cannot be produced. Dorsey v. State, 172 Tex.Cr.R. 311, 356 S.W.2d 943; Smith v. State, 123 Tex.Cr.R. 47, 57 S.W.2d 132; Lynch v. State, 70 Tex.Cr.R. 449, 156 S.W. 1182.

The alleged owner of the service station, Narciso Rodriguez, was unavailable and did not testify. The transcription of the court reporter's notes reveals the following:

"MR. McINNIS (The District Attorney): That is all. If the Court please, that is all except for this Narciso Rodriguez, who is the manager of the station and would like to recess this trial until in the morning.

---

1. This, the trial court was authorized to do under Art. 42.12, Sec. 7, Vernon's Ann. C.C.P., since more than one-third of the original term had been completed. Tre-vino v. State, Tex.Cr.App., 464 S.W.2d 859; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296; Beshear v. State, 169 Tex.Cr.R. 131, 332 S.W.2d 724.

"MR. PENA (Appellant's Attorney): I told the Court I couldn't be here tomorrow. I am in Brownsville.

"MR. McINNIS: Well, just a matter of putting on the owner of the place to show that·he didn't give these people permission to break in there, and Mr. Pena has a law partner, I believe, Mr. Roman Gutierrez.

"MR. PENA: I have two partners, but Judge Scanlan wants me in Court in the morning."

The state's attorney again requested a recess so he could be given an opportunity to get the witness; whereupon counsel for appellant asked for a conference with the court. Thereafter the hearing proceeded. Lack of consent was raised for the first time on appeal.

We conclude that, viewing the facts *in this case* in their entirety, there was sufficient evidence to show want of consent. Certainly, no fault on the part of the state is shown.

■ As to the "ownership or control of the coin-operated machine," the record reflects the following:

"Q. (By the District Attorney) This Conoco Station that you have been referring to in front of which was located the coin-operated machine, has it been out there, located there, for some period of time?

"A. (By Investigator Jeffreys) Yes, sir.

"Q. And, do you know who was operating the Conoco Service Station at this time that this occurred?

"A. A subject named Rodriguez."

The evidence was sufficient to show that the ownership of the coin-operated machine was *not* in appellant or either of his two companions. See Gonzalez v. State, Tex. Cr.App., 456 S.W.2d 53.

■ The evidence was sufficient to show that the appellant acted with the others in the commission of the offense and was a principal. Stevens v. State, Tex.Cr.App., 461 S.W.2d 618; Tea v. State, Tex.Cr. App., 453 S.W.2d 179; Ibarra v. State, Tex.Cr.App., 444 S.W.2d 926. The circumstances showed a "breaking and entry" under Article 1402a, Sec. 1, V.A.P.C.

Viewing the evidence in the light most favorable to the trial court's findings, we hold that no abuse of discretion is shown.

The judgment is affirmed.

ONION, Presiding Judge (dissenting).

The motion to revoke probation filed on May 4, 1970, alleged in part as follows:

## II

"The State of Texas further show to the Court, that the defendant Edelmiro Alejandro Casarez, since placed on probation in this cause, and during his said period of probation, has violated the conditions of his probation, in that he, the said defendant and probationer herein, on or about the 26th day of April, A. D. 1970 and anterior to the filing of this State's Original Application to Revoke Probation, in the County of Hidalgo and State of Texas, did then and there unlawfully by fraud, and by force applied to a coin-operated machine there situate, and under the control of Narciso Rodriquez, without the consent of Narciso Rodriquez, break and enter said coin-operated machine with the purpose of committing the theft of money from said coin-operated machine.

## III

"The State of Texas would further show to the Court that the defendant, Edelmiro Alejandro Casarez, since placed on probation in this cause, and during his said period of probation, has violated the conditions of his probation

in that he, the said defendant and probationer herein, on or about the 26th day of April, A.D. 1970 and anterior to the filing of this State's Original Application to Revoke Probation, in the County of Hidalgo and State of Texas, acting together and with Pablo Rene Salas and Agustin Casarez Delgado, did then and there unlawfully by fraud, and by force applied to a coin-operated machine there situate, and under control of Narciso Rodriquez, without the consent of Narciso Rodriquez, break and enter said coin-operated machine with the purpose of committing the theft of money from said coin-operated machine."

At the conclusion of the hearing the court revoked probation and entered an order finding and reading:

" * * *; and the Court is of the opinion and so finds that the Defendant, Edelmiro Alejandro Casarez, has violated the terms and conditions of the judgment by which he was placed on probation in that on or about the 26th day of April, 1970, and during the period of his probation in Hidalgo County, Texas, said Defendant did unlawfully and, by force applied to a coin-operated machine therein situated and *under the control of Narciso Rodriquez, without the consent of said Narciso Rodriquez* break and enter said coin-operated machine with the purpose of committing the theft of money from said coin-operated machine." (emphasis supplied)

Appellant vigorously challenges the sufficiency of the evidence to support the allegations of the motion to revoke and the findings of the trial court. He particularly urges that the evidence fails to show a lack of consent on the part of one Narciso Rodriguez as alleged or to show ownership or control of the coin-operated machine as alleged.

The record shows that alleged owner Narciso Rodriguez did not testify. In quoting from the record as to unavailability of the witness the majority stops short. Immediately after Mr. Pena stated he had two partners but he was wanted the next morning by Judge Scanlan, the following statement by the district attorney, who announced ready, is found in the record:

"MR. McINNIS: I would like to recess and be given an opportunity to get hold of this witness. Frankly, I think he is avoiding us.

"MR. PENA: May we have a conference with the Court.

"THE COURT: Yes. (Reporter's Notes: Whereupon a hearing was had outside the hearing of the Court reporter)."

No other evidence appears in the record as to the unavailability of the witness Rodriguez or the lack of fault on the part of the State.

In 55 Tex.Jur.2d, Theft, Sec. 185, p. 445, it is written:

"Where positive and direct proof is available, want of consent cannot ordinarily be shown by circumstantial evidence. The best evidence of want of consent is the testimony of the owner, and circumstantial evidence is inadmissible to show want of consent unless it appears that the owner is inaccessible by the use of ordinary diligence or is beyond the reach of legal process. Thus where the owner is present and has failed to give direct and positive testimony as to his want of consent to the taking, such want of consent will not be inferred from other circumstances in the evidence. But want of consent may be proved by circumstantial evidence when the owner is dead or is incompetent to testify, or where without fault on the part of the state direct testimony cannot be produced, or where it is alleged that the owner is unknown, or where no ob-

jection is made when the evidence is offered."

The State offered no proof that the owner was unaccessible by use of ordinary diligence or was beyond the reach of legal process.

Even assuming that circumstantial evidence was admissible to prove want of consent, was the circumstantial evidence offered sufficient to support the court's findings as to consent and control of the coke machine?

The only evidence as to ownership and control is quoted in the majority opinion. This shows that the coke machine had been located in front of the Conoco Station "for some period of time" and the station was operated by "a subject named Rodriguez." Whether this Rodriguez was Jose, Juan, Santiago or Tom, Dick, or Harry is not revealed. The evidence does not reflect the witness had reference to a Narciso Rodriguez. Rodriguez is not an uncommon name, particularly in the county where this cause was tried. There is not even any hearsay testimony to support the trial court's findings, much less any sworn probative evidence that there was a want of consent by a Narciso Rodriguez as alleged and that he had the care, custody and control of the coke box in question.

Even the majority recognizes the insufficiency of the evidence to sustain the allegations of the motion to revoke and support the findings of the trial court as to the control and want of consent. The majority is careful only to say, "The evidence was sufficient to show that the ownership of the coin-operated machine was *not* in appellant or either of his two companions." This fell far short of answering appellant's contention.

Even if circumstantial evidence was admissible on the issues of control and consent, it is clearly not sufficient to support the trial court's findings. For this reason alone, I would reverse this judgment.

Bearing in mind that mere presence alone is not sufficient to constitute one a principal, I also have serious reservations that the evidence is sufficient to show that the appellant was a principal to the commission of the offense alleged.

When a probationer is accused of having violated his probationary conditions by committing a penal offense, he is not entitled to require that prior to revocation there be a trial and conviction in a court of competent jurisdiction for the offense which is the basis of the revocation. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Ex parte Bruinsma, 164 Tex. Cr.R. 358, 298 S.W.2d 838, cert. den. Bruinsma v. Ellis, 354 U.S. 927, 77 S.Ct. 1386, 1 L.Ed.2d 1439; Gorman v. State, 166 Tex. Cr.R. 633, 317 S.W.2d 744; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165. This was a requirement of the former Suspended Sentence Law (Articles 776–781, V.A. C.C.P.1925), but not of the Adult Probation Law (Article 42.12, V.A.C.C.P.)

And such probationer is not entitled to a jury trial to determine if his probation should be revoked. Article 42.12, Sec. 8, V.A.C.C.P.; Hulsey v. State, supra; Dunn v. State, supra; Ex parte Gomez, supra. Further, probation may be revoked for violation of any penal offense; it is not restricted to a violation of a felony or a misdemeanor involving moral turpitude. Jackson v. State, 165 Tex.Cr.R. 380, 307 S.W.2d 809.

This court has said though that once granted probation should not be abitrarily withdrawn by the court, and the court is not authorized to revoke without having found that the probationer has violated conditions of his probation. Wozencraft v. State, Tex.Cr.App., 388 S.W.2d 426. And the burden of proof in revocation proceedings to show such a violation is upon

the State. Zane v. State, Tex.Cr.App., 420 S.W.2d 953; Campbell v. State, Tex. Cr.App., 456 S.W.2d 918; Perry v. State, Tex.Cr.App., 459 S.W.2d 865; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165.

An arrest on suspicion of burglary is not sufficient alone to support a revocation, Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153, nor is an arrest and mere filing of complaint sufficient. Flores v. State, 169 Tex.Cr.R. 2, 331 S.W.2d 217. Wicker v. State, Tex.Cr.App., 378 S.W.2d 332 is to the same effect.

The fairly recent opinion in Padillo v. State, Tex.Cr.App., 420 S.W.2d 712, written by then Presiding Judge Woodley, is a good example that heretofore this court has required the State to sustain its burden and to show all the elements of the offense used as the basis of the revocation.

Padillo was on probation and required to "commit no offense against the laws of this or any other state." A motion to revoke was filed alleging that he had violated his probation by being drunk in a public place, to wit: the city of Littlefield on April 27 and October 16, 1966. Evidence, including testimony of a police officer who stopped the automobile Padillo was driving on April 27, 1966, that Padillo had trouble standing, had strong odor of beer on his person and needed assistance to walk to the patrol car and upstairs at the police station, and testimony of another officer who stopped the automobile in which Padillo was a passenger on October 16, 1966, that Padillo smelled of alcohol, was unsteady on his feet, and beer was in the automobile did not sustain the finding that the defendant was drunk in a public place in violation of probationary conditions. It was noted that a city is not a "public place" as the term is used in Article 477, V.A.P.C. prohibiting being drunk in a public place, and that neither patrolman expressed the opinion Padillo was drunk or intoxicated at the time they "handled" him nor was any evidence offered as to their qualifications to form or express an opinion as to a person's condition of sobriety. See also Cano v. State, Tex. Cr.App., 450 S.W.2d 646.

While it has been said on a number of occasions that proceedings to revoke probation are not criminal trials in the constitutional sense, Wilson v. State, 156 Tex.Cr. R. 228, 240 S.W.2d 774; Leija v. State, 167 Tex.Cr.R. 300, 320 S.W.2d 3; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165, and cases there cited, this statement is not support for the proposition that "anything goes" in a revocation hearing.

Since the earlier decisions of this Court concerning the nature of revocation proceedings, it is now clear that while a state is not constitutionally required to provide for probation and revocation proceedings as a part of its criminal process anymore than it is required to provide for appellate review, but when it does, then due process and equal protection of the law is fully applicable thereto. Douglas v. People of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. See Hoffman v. State, 404 P.2d 644 (Alaska); People v. Price, 24 Ill.App.2d 364, 164 N.E.2d 528; Williams v. Commonwealth, 350 Mass. 732, 216 N.E.2d 779; Blea v. Cox, 75 N.M. 265, 403 P.2d 701. See also this writer's original dissent in Crawford v. State, Tex. Cr.App., 435 S.W.2d 148. Cf. Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620.

And certainly now it is well established that revocation of probation hearings are a part of the criminal law process "where substantial rights of a criminal accused may be affected" and to which federal constitutional standards are applicable. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336; McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21

**418**

L.Ed.2d 2; Crawford v. State, supra; Eiland v. State, Tex.Cr.App., 437 S.W.2d 551.

Regrettably, the majority today has lowered the standards applicable to revocation proceedings. After today's holding, prosecutors will be urging trial courts around the State that in revocation hearings it is no longer necessary to produce the complaining witness where theft, burglary, breaking and entering a coin-operated machine or automobile, etc., is the basis for revocation; that no reason need be given for the absence of such witness; that the issues of control and want of consent may then be proved by circumstantial evidence and that such evidence need not meet any test; that allegations as to control in and want of consent by a particularly named individual may be sustained by proof only, however strong or weak, that ownership is not in the probationer or his companions, if any. This is not the law nor should it be. It is hoped that conscientious prosecutors will not be tempted to cite today's decision, or if cited, that our trial judges will not be lured into following the same. Don't we now have enough post conviction habeas corpus proceedings claiming lack of due process in our trials and revocation proceedings without encouraging more?

A feeling that in revocation proceedings the only criminal appellate court in this state will always affirm in view of the nature of the proceedings, despite a lack of proof or the formal order of revocation detailing certain findings unsupported by proof, will only impose extra burdens of our already overburdened judicial systems which should not be endured or tolerated. A few more minutes of preparation, a few minutes of attention to detail and to the appellate record could avoid all this.

Believing that the State has not sustained its proper burden and that the trial court abused its discretion in revoking probation, I vigorously dissent.