Douglas Arthur ROSASCHI, Appellant,

v.

The STATE of Texas, Appellee.

No. 44028.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 2, 1971.

Holcomb & Norwood, by Weldon Holcomb, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., and Charles E. Crow, Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On October 13, 1969, appellant was convicted, after pleading guilty before the court, for the offense of felony theft and punishment was assessed at 4 years. Imposition of sentence was suspended and he was placed on probation. One of the terms and conditions of probation was that he commit no offense against the laws of this state.

On April 17, 1970, an "Application to Revoke Probation" was filed alleging that appellant violated the aforementioned probationary term. The application alleged felony theft and burglary were committed by appellant on or about February 10, 1970.

A hearing was conducted on July 6, 1970. The trial court found that appellant violated the terms of his probation "in that he has committed a violation of the laws of the State of Texas."

The sole ground of error alleges abuse of discretion. Appellant contends that he is denied due process and equal protection of the laws in that he is under indictment for burglary and felony theft and is entitled to a jury trial thereon where the state is required to prove his guilt beyond a reasonable doubt. He argues that a final conviction should be obtained on the offenses before they should be used as a basis to revoke probation.

We remain convinced of the soundness of our prior decisions that it is not necessary for penal offense made the basis of revocation to be tried and disposed of beforehand. See Hulsey v. State, Tex.Cr. App., 447 S.W.2d 165. In Hulsey, supra, this court stated:

"The authorities are contrary to appellant's contention that prior to revocation there must be a trial and conviction for the offense which is the basis of the revocation. Dunn v. State, supra [159 Tex.Cr.R. 520, 265 S.W.2d 589]; Ex parte Gomez, supra [Tex.Cr.App., 241 S.W.2d 153]; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838, cert. den. 354 U.S. 927, 77 S.Ct. 1386, 1 L.Ed.2d 1439; Gorman v. State, supra [166 Tex. Cr.R. 633, 317 S.W.2d 744]; Seymore v. Beto, 383 F.2d 384; Smith v. State, supra [160 Tex.Cr.R. 438, 272 S.W.2d 104]. Cf. Smothermon v. State, Tex. Cr.App., 383 S.W.2d 929. These holdings are based on the fact that a defendant does not go to the penitentiary for violation of probation, but because of his original conviction and the failure to rehabilitate himself in accordance with the conditions of probation. See Ex parte Gomez, supra."[1]

There being no abuse of discretion, the judgment is affirmed.

1. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Ex parte Gomez, Tex.Cr. App., 241 S.W.2d 153; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104.