James William **WILKINSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45483.

Court of Criminal Appeals of Texas.

June 7, 1972.

Will Gray, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

The record reflects that on February 10, 1971, appellant plead guilty before the court to the offense of felony theft. The punishment was assessed at four years, but the imposition of sentence was suspended and appellant was granted probation.

One of the terms and conditions of the probation was that the appellant violate no laws of this or any other State.

On April 5, 1971, the State filed a motion to revoke probation alleging that the appellant had violated his probationary conditions in that he had violated the laws of this State by committing the offense of misdemeanor theft on March 18, 1971.

Appellant first complains that the order revoking probation is void as a matter of law in that it fails to specify upon what grounds the revocation is predicated. He relies upon Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969). In that case at page 167, the Court, through Judge Onion, stated that an order revoking probation is not rendered defective for the lack of recitation of the findings on which it was based absent any request of the trial court for such findings.

■ There being no request to the trial court for such findings, said contention is without merit.

Appellant's second contention is that the trial court abused its discretion in revoking probation in that the evidence is insufficient to support the revocation.

The evidence reflects that two store detectives were on duty at the Globe Number 4 store in Houston, and that about 3:00 p. m. on March 18, 1971, they both observed the appellant in the parts department. Each of them observed him put some spark plugs in his pocket. One testified that there were eight spark plugs. One of the detectives followed the appellant to a cash register and watched him pay for a part of the material he had picked up, but that he did not pay for the spark plugs. The detective followed the appellant out of the store, apprehended him and took him to the security office. There he emptied his pockets and the spark plugs were recovered. Tom Muse testified that he had custody of the merchandise in the entire store, that the value of the spark plugs in question was 62 cents each and that he did not give his consent or permission for appellant to take the plugs without paying for them.

The probation officer testified that appellant was one and the same person who was given a probated term of four years for the offense of felony theft.

■ The above evidence is sufficient to support the revocation of probation.

There being no abuse of discretion, the judgment is affirmed.