**Yolanda CANTU, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–066–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1983.

Eric Brown, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a revocation of probation. Appellant was convicted of the offense of theft in September 1981 and placed on five years probation. In February 1983, the State filed a motion to revoke probation alleging that appellant had committed theft and had also violated various probationary conditions. After hearing evidence, the trial court revoked probation and sentenced appellant to five years in the Texas Department of Corrections.

In her first two grounds of error, appellant alleges reversible error resulting from the following colloquy which occurred after the State had initially presented its evidence.

MS. COLTRIN (prosecutor): State will rest, Your Honor.

THE COURT: All right. Do you need to go get your—

MR. BROWN (defense counsel): Depends. I would like to make a motion for, I guess it's a directed verdict. The State has failed to prove the allegations in the first paragraph of the Motion to Revoke concerning any theft. I would also like to make a motion to the other counts too, but in particular as to count one—the first allegation, a violation of Condition A of the probation, in that the State has proved all of the allegations that—

THE COURT: Specifically?

MR. BROWN: They have failed to prove the value, they have failed to prove that Al Ramirez, or anyone was the owner thereof and didn't give this Defendant permission.

THE COURT: All right. Do you care to reply to that, Ms. Coltrin?

MS. COLTRIN: Well, I think we talked about the amount because Jeffrey Bowman made the statement that it was over five dollars.

THE COURT: No.

MS. COLTRIN: I beg your pardon?

THE COURT: Are you sure?

MS. COLTRIN: Yes, Your Honor. He made the statement that he told the Defendant that he couldn't let her just pay it off because it was over five. We also—

THE COURT: As I recall the testimony, he told her that things over five dollars, they didn't let them pay it after they've been caught. He didn't—I don't remember him saying that this pair of jeans, or whatever they are, these pants, was over five dollars. But, I'll have the record read back, if he said that.

MS. COLTRIN: Well, I think you're probably right with that. What she said was could I pay for the item, and we're talking about the item under question, and at that time he said we're not allowed to for items over five dollars. And that seemed to me to say that the item was over five dollars.

But, he did not say in those words that those particular Levi's were—

THE COURT: Why in the world didn't you ask him or the store manager, one, that question while you had him up there?

MS. COLTRIN: Your Honor, I'd be glad to call them back on the stand and ask them the question, if I'm allowed to reopen.

THE COURT: I'm not suggesting that you do it. Are you—I'm just asking why you didn't do it. Are you asking you be able to recall that witness?

MS. COLTRIN: Yes, Your Honor. I'd like to reopen and recall the witness.

THE COURT: You'd be allowed to.

MR. BROWN: I would like the Court to note our objections—

THE COURT: Sure will. I noted your objection, sure.

Call the witness. Which one do you want?

MS. COLTRIN: Could I recall—

THE COURT: And the other objection was that you failed to prove—what was it, that he didn't give this particular person specifically permission or consent to take these pants out of the store. I recall you asking him if he gives anybody permission to take any merchandise, but did you inquire about whether or not he gave this lady permission to take those pants that's represented in that photograph out of the store without paying for them?

MR. BROWN: I'm going to object to the Court—

THE COURT: I'm asking that. Did you ask that?

MS. COLTRIN: I don't recall, Your Honor.

THE COURT: Okay.

MS. COLTRIN: Could I recall Mary Gonzales first to the stand?

THE COURT: Well, she'll just screw it up some more, then, won't she?

MS. COLTRIN: Have we reopened?

THE COURT: No, we haven't reopened. Who did you want to call?

MS. COLTRIN: Well, they'd be two, Mary Gonzales—

THE COURT: I'm not going to let you reopen for two witnesses. You can call one, I'll let you reopen with one.

MR. COLTRIN: Okay. I'll reopen with Al Ramirez, please.

THE COURT: This is a poorly presented case, worst I've ever seen I believe.

Ill-prepared, witnesses not prepared, Prosecutor is not prepared. I don't know what the Defense has, I haven't heard from him yet."

In his first ground of error, appellant alleges that the trial court erred in allowing the State to reopen its case. Although it appears that the trial court was not satisfied with the State's evidence in this case, there is authority for allowing the State to reopen its case even after the defendant has made a motion for instructed verdict. See *Boatright v. State*, 472 S.W.2d 765 (Tex.Cr. App.1971). In addition, CODE CRIM. PROC.ANN., art. 36.02 (Vernon 1981) allows a trial court to permit testimony to be introduced at any time before argument if it appears necessary to a due administration of justice. Although Art. 36.02, by its placement in Chapter 36 of the Code of Criminal Procedure, applies only to trials before the jury, the same general rule should be no less applicable to probation hearings, which by their very nature are administrative in nature. See *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App.1978). We hold that the trial court did not err in allowing the State to reopen. Appellant's first ground of error is overruled.

In ground of error two, appellant contends the trial court erred in "suggesting to the prosecution that the State needed to call additional witnesses and ask additional questions after appellant had moved the Court for a directed verdict." The gist of appellant's argument is that the trial court did not remain impartial, but rather assisted the State in its case.

In *Silva v. State*, 635 S.W.2d 775 (Tex. App.—Corpus Christi 1982), we stated:

"The law requires that judges be impartial and that they not take sides in assisting either side in our adversary system of justice. Cannon 2(A) of the Code of Judicial Conduct provides that "a judge ... should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

▮ Although the above language was used in reference to the judge's actions at a jury trial, it is nonetheless applicable to probation hearings. Since a probationer is entitled to due process at a hearing to revoke, *Campbell v. State*, 456 S.W.2d 918 (Tex.Cr.App.1970), the trial court should not assist the State in the presentation of its case. In reviewing this record, however, we are not convinced that appellant was denied due process of law. The trial court did not instruct the State to recall any particular witness. The State was given the opportunity to recall one witness and the appellant was subsequently given the opportunity for additional cross-examination of the witness. Counsel chose to ask the witness no additional questions. We conclude that the trial court did not commit reversible error in its discussion with the State's prosecutor. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the State failed to prove that Al Ramirez was the owner of the property as alleged in the motion to revoke. The evidence shows that one employee of Kroger's said that Al Ramirez was one of the assistant managers and another employee said Ramirez was a co-manager of the Kroger's store on the date when appellant exited the store while wearing an unpurchased pair of corduroy pants. Ramirez identified himself as an employee of Kroger's but did not specifically state that his title was manager. Appellant contends that this evidence was insufficient to establish Al Ramirez as the owner of the property. Appel-

lant bases his argument upon *McGee v. State,* 572 S.W.2d 723 (Tex.Cr.App.1978) which held that the definition of "owner" as one who had a "greater right to possession than the actor" was inapplicable in this sort of situation and applied only where both the actor and owner had some joint interest in the property. Hence, argues appellant, under Section 1.07(a)(24) TEX.PENAL CODE ANN. (Vernon 1974), the State was required to show that Ramirez was either the title owner or had actual care, custody, control, or management of the property. He alleges that the State failed to show ownership in either of these two forms.

Initially, we note that *McGee* has been overruled. *Compton v. State,* 607 S.W.2d 246 (Tex.Cr.App.1980) (Opinion on State's Motion for Rehearing). The State, therefore, was permitted to rely upon the theory that Ramirez had a greater right to possession of the property than did appellant. Moreover, we find the evidence sufficient to show that Ramirez was a manager of the Kroger's store and hence a special owner of the property. *See* TEX.CODE CRIM.PRO. art. 21.08 (Vernon's Supp.1982). Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court abused its discretion in finding that appellant failed to pay her probationary fees for the months of November and December 1982, and January 1983. The record shows that appellant did not pay her fees in August or September 1982, but that she did pay in October, November, and December 1982. She did not pay in January 1983. The probation officer apparently credited the October, November, and December payments to August and September, 1982 (for which there were deficiencies) and October 1982. Since the evidence is sufficient to show that appellant did not pay her probationary fee in January 1983, we need not decide whether the State failed to prove non-payment in November and December 1982. Appellant's fourth ground of error is overruled.

In her fifth ground of error, appellant alleges the trial court erred in finding that appellant violated condition (m) of her probation (failure to reimburse Nueces County for the cost of her court-appointed attorney). The judgment placing appellant on probation contains no condition (m) and makes no mention of reimbursing the County for appointed counsel. A separate document signed on the same date as the sentence, however, directs that "IT IS THE ORDER OF THE COURT THAT YOU COMPLY WITH THE FOLLOWING CONDITIONS OF PROBATION:" Thereunder, a list of conditions follows, including condition (m), directing that Nueces County be reimbursed for appointed counsel. The document is signed by the judge, the probationer, an adult probation officer, and the District Clerk. Appellant contends that the Court could not impose condition (m) unless the condition was noted in the written judgment and order placing appellant on probation. The State disagrees, but neither side cites any authority for their position. We find that the trial court's order, although separate from the judgment, adequately apprised appellant of the conditions. Conditions of probation need not in all cases be set out in the judgment. *Jackson v. State,* 165 Tex.Cr.R. 380, 307 S.W.2d 809 (1957). Here, the order setting the conditions was signed on the same date as the judgment and was received and acknowledged by the appellant. Appellant's fifth ground of error is overruled.

The judgment of the trial court is AFFIRMED.