

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0578-18

**ROBVIA LENEICE SIMPSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### ANDERSON COUNTY

KEASLER, J., delivered the opinion of the Court, in which HERVEY, RICHARDSON, YEARY, NEWELL, KEEL, and WALKER, JJ., joined. KELLER, P.J., filed a concurring opinion. SLAUGHTER, J., filed a concurring opinion.

## O P I N I O N

While on probation, Robvia Simpson struck her roommate with an ashtray. She maintains that she did so in self-defense. But at the hearing to determine whether her probation would be revoked, Simpson did not claim self-defense. Instead, she simply pleaded "true" to the allegation that she assaulted her roommate. Did Simpson's plea of "true" preclude her from claiming self-defense in a subsequent criminal trial? We conclude

that it did not.  We affirm the court of appeals' judgment.

## I.  FACTS

Simpson pleaded guilty in 2015 to abandoning or endangering a child in Houston County, Texas.  She was placed on a one-year term of deferred-adjudication community supervision (probation).  Months later, in Anderson County, Simpson "got into it" with one of her roommates.  Their dispute escalated to the point where Simpson grabbed an ashtray and struck her roommate in the head with it.  The police were called to the scene, and Simpson was arrested for assault.  While she was being taken inside the Anderson County Jail, Simpson assaulted one of the arresting officers.

Based in part on these events, the Houston County District Attorney's Office moved to have Simpson's probation revoked.  Among other things, the State's motion alleged that Simpson (1) assaulted her roommate with a deadly weapon; (2) assaulted a public servant lawfully discharging an official duty; (3) tested positive for marijuana use on one occasion; and (4) admitted to using marijuana on another occasion.  At a hearing, Simpson pleaded "true" to these allegations, and the revocation-hearing judge found them to be true.  The judge convicted Simpson of abandoning or endangering a child, revoked her probation, and sentenced her to six months' confinement in a state jail.

Simpson was subsequently tried in Anderson County for aggravated assault on a public servant (Count One) and aggravated assault on her roommate (Count Two).  Simpson testified in her defense, essentially admitting that she hit her roommate with the ashtray but

claiming to have done so in self-defense. She also claimed to have attacked the arresting officer in self-defense. At the charge conference, Simpson requested a self-defense instruction as to both offenses. The State objected, claiming *res judicata* on the basis of Simpson's prior plea of "true" to the assaults. The State articulated its position: "I don't believe . . . she can raise a defense now that she's already pled guilty to hav[ing] committed the offense, and another court found her guilty, sentenced, served that sentence, has not appealed. We're well beyond that point." The trial judge ultimately denied Simpson's requested self-defense instruction.

On Count One, the jury found Simpson guilty of the lesser-included offense of non-aggravated assault on a public servant and sentenced her to ten years' confinement. On Count Two, it found her guilty of aggravated assault and sentenced her to eleven years' confinement. Simpson opted not to appeal Count One. But she did appeal Count Two, arguing that the trial judge erred to deny her a self-defense instruction as to that count. The State did not dispute "that the evidence raised the issue of self-defense."[1] Instead, it took the same stance on appeal as it had at trial: "because Appellant did not assert self-defense in the . . . revocation proceeding, she could not do so at trial."[2] The court of appeals understood

---

[1] *Simpson v. State*, No. 12-17-00080-CR, 2018 WL 1863504, at *2–3 (Tex. App.—Tyler Apr. 18, 2018) (mem. op., not designated for publication).

[2] *Id.* at *2.

this to be a claim of issue preclusion or "collateral estoppel."[3]

The court of appeals noted that, in civil cases, the doctrine of collateral estoppel traditionally bars only the relitigation of issues that were both (1) "actually litigated" at an earlier proceeding and (2) "essential to" the earlier judgment.[4] And, because Simpson's probation could have been revoked on proof of "any one of Appellant's violations . . . none of the allegations are considered essential to the judgment."[5] The court of appeals thus decided that, despite her earlier plea of "true" in the revocation proceeding, Simpson's self-defense claim was not barred by collateral estoppel in the criminal trial. It went on to find that Simpson was harmed by the absence of a self-defense instruction and reversed Simpson's conviction on Count Two.[6] The State filed a petition for discretionary review in this Court.

In its petition, the State does not contest the court of appeals' holding that the evidence supported a self-defense instruction. Nor does the State take issue with the court of appeals' holding that Simpson was harmed by the absence of an instruction. Its sole contention is that, because Simpson pleaded "true" at the revocation proceeding without raising a defense, she was precluded from claiming self-defense at the subsequent criminal

---

[3] *Id.* at *5 (citing *Ex parte Doan*, 369 S.W.3d 205, 221 (Tex. Crim. App. 2012) (Keller, P.J., dissenting)).

[4] *Id.* at *4 (citations omitted).

[5] *Id.* at *5 (internal quotation marks and citations omitted).

[6] *See id.* at *5–6.

trial. We will limit our analysis to this issue.

## II. LAW

In *Ex parte Tarver*, we held that a specific finding of "not true" in a probation-revocation proceeding could give rise to a claim of collateral estoppel in a subsequent criminal trial.[7] We recently overruled *Tarver* in *State v. Waters*, holding that "jeopardy does not attach in revocation proceedings for any offense that is alleged as a violation of the terms of community supervision."[8] We decided that none of the defendant's double-jeopardy rights, including her supposed ability to assert a constitutional claim of collateral estoppel, are implicated by a finding of "not true" in a revocation proceeding.[9] We also held that, for a number of reasons, the state-common-law doctrine of collateral estoppel should not apply in those circumstances.[10] The upshot of *Waters* is that a criminal defendant has neither a constitutional nor even a common-law right to invoke collateral estoppel in a criminal proceeding following a finding of "not true" at an earlier probation-revocation hearing.

*Waters* dealt with a "defensive" claim of collateral estoppel, in which the party defending itself against a lawsuit seeks "to prevent a plaintiff from relitigating an issue

---

[7] *See Ex parte Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986), *overruled by State v. Waters*, 560 S.W.3d 651, 663 (Tex. Crim. App. 2018).

[8] *Waters*, 560 S.W.3d at 660.

[9] *See id.* at 659–60.

[10] *See id.* at 660–63.

previously decided against the plaintiff."[11]   This case concerns the "offensive" use of collateral estoppel, which is "[e]stoppel asserted by a plaintiff to prevent a defendant from relitigating an issue previously decided against the defendant."[12]  In this case, we must decide whether, in a criminal trial, the State can invoke the doctrine of collateral estoppel offensively—to prevent the defendant from claiming self-defense when, in an earlier revocation proceeding, the defendant could have claimed self-defense but instead simply pleaded "true."   In light of *Waters*, we conclude that the State cannot invoke collateral estoppel in that way.  Despite Simpson's earlier plea of "true," she was entitled to have a jury pass on her claim of self-defense.

## III. ANALYSIS

*Waters* identified two sources of law that might theoretically support a defensive claim of collateral estoppel in a criminal trial, following a finding of "not true" in a revocation proceeding—the Double Jeopardy Clause and "state common law."[13]  The question here is whether there is any comparable legal authority for an offensive claim of collateral estoppel in a criminal trial, following a probationer's plea (and trial judge's finding) of "true."

Immediately we see that the Double Jeopardy Clause does not fit the bill.  By its

---

[11] *Defensive collateral estoppel*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[12] *Offensive collateral estoppel*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[13] *Waters*, 560 S.W.3d at 660.

terms, the Fifth Amendment protects "person[s]," not the State.[14] The same is true of Article I, Section 14 of the Texas Constitution.[15] We are aware of no other constitutional provision or statute authorizing the State to wield the doctrine of collateral estoppel against the defendant in a criminal case. Therefore, the only legal basis the State could possibly invoke in support of its claim of collateral estoppel in this case is the common law.

In *Waters*, we approached the common-law question in light of several legal and prudential considerations. First, we observed that collateral estoppel traditionally applies "only when facts in the first proceeding were 'necessarily decided' and 'essential to the judgment'"—a criterion that is not satisfied by a finding of "not true" in a revocation proceeding.[16] Second, we noted that "the commencement of criminal trial proceedings carries with it substantial procedural consequences, and, importantly, it triggers the right to a determination of guilt or innocence by a jury."[17] Third, we said that the application of collateral estoppel under these circumstances "undermines the traditional role of criminal prosecutions in assessing a defendant's guilt or innocence and allows revocation hearings to preempt the main event of the criminal trial."[18] Fourth, we observed that, "[i]n a revocation

---

[14] U.S. CONST. amend. V.

[15] TEX. CONST. art. I, § 14.

[16] *Waters*, 560 S.W. 3d at 661 (citing, *inter alia*, *York v. State*, 342 S.W.3d 528, 539 & n.47, 545 & n.94 (Tex. Crim. App. 2011)).

[17] *Id.* at 662.

[18] *Id.*

proceeding, where the burden of proof is by a preponderance of the evidence, the State may not be expected to bring its best evidence, believing less evidence to be adequate to meet the lower burden of proof."[19]   We acknowledged the existence of certain "countervailing considerations" weighing in favor of defensive collateral estoppel—"prevention of inconsistent rulings between revocation hearings and trials, and possibly some conservation of judicial resources."[20]   But we ultimately concluded that these considerations were "outweighed by the other factors."[21]

This same thought process leads us to conclude that neither a probationer's plea of "true" nor a revoking judge's finding of "true" should give rise to an offensive claim of collateral estoppel in a subsequent criminal trial.  In the first place, it will often be the case, as it was here, that the new offense is but one allegation among many in the State's motion to revoke.  In this case, the motion to proceed against Simpson alleged at least four non-monetary, non-community-service-related violations: (1) Simpson assaulted her roommate (the offense underlying this appeal); (2) Simpson assaulted a public servant; (3) Simpson tested positive for marijuana use on one occasion; and (4) Simpson admitted to using marijuana on another occasion.  Each of these allegations, alone or in any combination, would have authorized the judge to proceed to an adjudication of guilt and revoke Simpson's

---

[19]  *Id.* at 662 (citations omitted).

[20]  *Id.* at 663.

[21]  *Id.*

probation. "Thus, the 'necessary or essential' requirement for . . . common law estoppel is not established."[22]

Secondly, as we said in *Waters*, "the commencement of criminal trial proceedings carries with it substantial procedural consequences," including "the right to a determination of guilt or innocence by a jury."[23] In *Waters*, we held that the "notable difference in the quality and extensiveness of the procedures followed in a motion to revoke, as compared to a criminal trial," weighed against the application of collateral estoppel.[24] We see no reason to hold differently here. Indeed, we think that in the context of offensive collateral estoppel, the jury-trial consideration becomes all the more important. At least one federal appeals court has held that allowing collateral estoppel to be used against a defendant in a criminal trial deprives the defendant of her Sixth Amendment right to a jury trial.[25] To the extent that we can steer our state common law away from a potential conflict with a controlling constitutional provision, we take this opportunity to do so.

Perhaps the argument could be made that, by pleading "true" at the revocation hearing, Simpson waived her right to have a jury pass on her claim of self-defense. We do not agree. Our law provides that the defendant's right to a jury trial must be expressly

---

[22] *Waters*, 560 S.W.3d at 661 (citing *Bobby v. Bies*, 556 U.S. 825, 834–35 (2009)).

[23] *Id.* at 662 (citing TEX. CONST. art. I, § 10).

[24] *Id.*

[25] *See United States v. Pelullo*, 14 F.3d 881, 889 (3d Cir. 1994).

waived.[26] When Simpson pleaded "true" at the revocation hearing, she expressly waived a number of rights, many of which are peculiar to revocation proceedings. She expressly waived her right to a jury trial on the child endangerment offense. She did not expressly waive her right to have a jury determine the merits of the assault charges, including her claims of self-defense.

Thirdly, as we did in *Waters*, we reaffirm that application of collateral estoppel in these circumstances "undermines the traditional role of criminal prosecutions in assessing a defendant's guilt or innocence and allows revocation hearings to preempt the main event of the criminal trial."[27] We continue to believe that "the interests of justice . . . and public confidence in the criminal justice system" are "best served through a full and fair determination of guilt or innocence in a criminal trial, notwithstanding a prior inconsistent ruling in a revocation proceeding."[28] It would not inspire confidence in our criminal justice system to force a defendant to endure a contested administrative hearing (*i.e.*, require her to plead "not true") before she could receive a jury's assessment of a defensive claim.

The fourth factor—whether the defendant has an incentive to present her best evidence in a revocation proceeding—is a bit more complicated. Generally speaking,

---

[26] *See* TEX. CODE CRIM. PROC. art. 1.13; *see also Marin v. State*, 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

[27] *Waters*, 560 S.W.3d at 662.

[28] *Id.* (quoting *State v. Brunet*, 806 A.2d 1007, 1013 (Vt. 2002)).

whether in a criminal proceeding or in a revocation hearing, the defendant has no initial evidentiary burden at all (aside, perhaps, from her minimal burden to put self-defense in issue).[29] In the criminal context, it is in the defendant's interest to establish a reasonable doubt, and in the revocation context, it is in her interest to tip the evidentiary scale back in her favor. It is hard to say categorically which of these endeavors calls for the defendant's best evidence. Moreover, sometimes the stakes will be higher in the criminal proceeding (suppose the defendant, while on a misdemeanor probation, commits a felony offense), but sometimes the stakes will be higher in the revocation proceeding (vice versa). This makes it nearly impossible to say *a priori* which proceeding gives the defendant the biggest incentive to elicit her best evidence. That strategic decision is likelier to be made on a case-by-case basis.

On the other hand, the different burdens at play in revocation proceedings and criminal trials might at the very least help to explain a defendant's pleading "true" in the former and "not guilty" in the latter. When a defendant pleads "true" to an allegation at a revocation proceeding, she essentially concedes that the State has enough evidence to prove the allegation by a preponderance of evidence. Both logically and in fact, that is not the same thing as a concession that the State has enough evidence to prove the allegation beyond a

---

[29] TEX. PENAL CODE § 2.01; *Zane v. State*, 420 S.W.2d 953, 954 (Tex. Crim. App. 1967) ("The burden is upon the State to prove the violations alleged for revocation."). *But see* TEX. PENAL CODE § 2.03(c) ("[A] defense is not submitted to the jury unless evidence is admitted supporting the defense.").

reasonable doubt. Based on the defendant's assessment of the State's case, she might rationally conclude that (1) the State can prove an allegation by a preponderance of evidence, but (2) the State cannot prove it beyond a reasonable doubt. In those situations, entering a plea of "true" on account of (1) would not be inconsistent with a plea of "not guilty" on account of (2).

What this means is that neither of the "countervailing considerations" mentioned in *Waters* weighs in favor of offensive collateral estoppel in these situations. *Waters* acknowledged the desirability of preventing "inconsistent rulings between revocation hearings and trials," but ultimately decided that that consideration did not outweigh the undesirable aspects of allowing collateral estoppel to be invoked in these situations.[30] Here, there is not even a possibility of inconsistent rulings. A trial judge's finding that a criminal-offense allegation is legally "true," even if it is based on the probationer's own plea, is not inconsistent with a jury's determination that she is "not guilty" of that offense.

Furthermore, there will be no "conservation of judicial resources" to be had from making a defendant plead "not true" in a revocation hearing as a condition precedent to receiving a self-defense instruction in a criminal trial.[31] The defendant might plead "not true," obtain an adverse ruling from the trial judge, and yet still rationally conclude that she could obtain a favorable ruling from a jury. In that situation, the defendant would have every

---

[30] *See Waters*, 560 S.W.3d at 663.

[31] *See id.*

incentive to relitigate the issue.

For these and other reasons, we hold that Texas common law does not support the State's use of collateral estoppel in these circumstances. A criminal defendant may, consistent with her plea of "true" in an earlier revocation proceeding, plead "not guilty" in a subsequent criminal trial. And in that trial, the defendant's earlier plea of "true" will not preclude her from receiving any defensive instruction she is otherwise legally entitled to.

## IV. CONCLUSION

The court of appeals' judgment is affirmed.

Delivered: January 15, 2020

Publish